UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------X
      Case No. 97-0436-CA-09

CROWN REAL ESTATE, INC., A Florida
   corporation,
                Plaintiff,

  -vs-

MORRIS ZAKHEIM, PAUL COHEN, ABE ROSENTHAL,
JOSEPH BORDONARO, MICHAEL SOLOMON, ALBERT
R. PINCUS, MARIA MEDVED, PETER A. DANKIN,
LITAS INVESTING CO., INC., a New York
corporation, DEN NORSKE BANK A/S,
PAUL ROTH and MONTY BEEBER, TRUSTEES, RINKER
MATERIALS CORPORATION, a Florida corporation,
MRMC CONSTRUCTION, INC., a Florida corporation,
CODE ENFORCEMENT BOARD OF INDIAN RIVER COUNTY,
FLORIDA, GATOR LUMBER COMPANY, a Florida
corporation, ELLIOTT BERNEY, and VANDA REST.
CORP., a New York corporation,
                Defendants.
-------------------------------------------------X
          **AND**
-------------------------------------------------X
      Case No. 94-0198-CA-03

PETER DANKIN,
                Plaintiff,

  -vs-

INDIAN BEACH ASSOCIATES, INC, and INDIAN RIVER
TITLE CORP., et al.,

                Defendants.
-------------------------------------------------X

NOTICE OF
REMOVAL

98-14180
CIV-PAINE

MAGISTRATE JUDGE
LYNCH

    TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA:

        Petitioner, ARAS VEBELIUNAS, appearing pro se, for my

Notice of Removal, state the following:

    1.   I am a defendant in this action as successor to Vanda

Rest. Corp. and hereby petition this Court to remove Case No. 97-

0436-CA-09 from the Circuit Court for the Nineteenth Judicial

Circuit in and for Indian River County, State of Florida, and



consolidate it with Case No. 94-0198-CA-09 also in the same Court.

2.    Pursuant to 28 USC ¶1332 this Court has jurisdiction in this case according to the diversity of citizenship of the parties.  The affidavit of Vytautas Vebeliunas attached hereto as Exhibit D provides substantiation for the diversity of citizenship and other substantive reasons for this removal.

3.    This request for removal is in compliance with 28 USC ¶1446 as it is explained in my affidavit following this motion as well as the consolidation of the related case no. 94-0198-CA-03 because is encompasses the very same properties and parties.

THEREFORE, this petitioner prays that the above actions now pending in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida be removed therefrom to this Court.

I hereby certify that a true and correct copy of the foregoing and all exhibits attached thereto have been furnished via U.S. Postal Service to all parties on the attached distribution list.

Dated:  June 19, 1998

Aras Vebeliunas, Pro Se
304 Bayville Road
Lattingtown, NY  11560
(718) 441-2811

State of New York )
County of Queens  )

Sworn to before me this 19th day of June, 1998

Notary Public

MONICA N. SETIKAS
Notary Public, State of New York
No. 01SE5088254
Qualified in Queens County
Commission Expires Nov. 17, 1999

DISTRIBUTION LIST

Jack B. Spira, Esq.
Attorney for
Indian Beach Assoc., Inc.
Spira, Beadle & McGarrell, P.A.
5205 Babcock St. N.E.
Palm Beach FL 32905

Morris Zakheim
1256 E. 26 St.
Brooklyn NY 11210

Paul Cohen
1400 26 St.
Vero Beach FL 39260

Abe Rosenthal
1801 Ocean Ave.
Brooklyn NY 11230

Joseph Bordonaro
221 East Meadow Ave.
East Meadow NY 11554

Michael Solomon
2950 Hempstead Tpk.
Levittown NY 11756

Albert R. Pincus
1400 Pineville Rd.
New Hope PA 18938

Maria Medved
61-55 98 St. #5D
Flushing NY 11374

Peter A. Dankin
188 E. 70 St. #21A
New York NY 10021

Holland & Knight LLP
Attorneys for
Den Norske Bank
625 North Flagher Dr. Ste 700
P.O. Box 3208
West Palm Beach FL 33401

George W. Linley
Registered Agent
Rinker Materials
1501 Belvedere Rd.
West Palm Beach FL 33406

Louis F. Robinson, Esq.
Henderson & Robinson, P.A.
180 Royal Palm Way, Suite 203
Palm Beach FL 33480

MRMC Construction Inc.
Jeffrey Meade
Registered Agent
1400 26 Street
Vero Beach FL 32960

Code Enforcement Board of
Indian River County, Florida
Carolyn K. Eggert
Chairman of the Board of
County Commissioners
1840 25th St.
Vero Beach FL 32960

Gator Lumber Co.
Patrick J. Loftus
Registered Agent
2204 5th Ct. S.E.
Vero Beach FL 32962

Litas Investing Co., Inc.
86-01 114 St.
Richmond Hill NY 11418

William C. Davell, Esq.
May, Meachan & Davell, P.A.
Nations Bank Tower
One Financial Plaza Ste. 2602
Fort Lauderdale FL 33394

Paul Roth
111 Richmond St. W. Suite 300
Toronto, Canada M5H2G4

Monty Beeber
90 Adelaide St. West, Suite 300
Toronto, Canada M5H3V9

Wayne Sobien, Esq.
1315 Tuscawilla Road, Suite 105
Winter Springs, FL 32708

G. Philip J. Zies, Esq.
Zies Brothers, P.A.
15 East Silver Palm Avenue
Melbourne FL 32901

Frederck C. Kramer, Esq.
950 North Collier Blvd., Suite 2
Marco Island FL 33937

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------X
            Case No. 97-0436-CA-09

CROWN REAL ESTATE, INC., A Florida
      corporation,
                        Plaintiff,

      -vs-

MORRIS ZAKHEIM, PAUL COHEN, ABE ROSENTHAL,
JOSEPH BORDONARO, MICHAEL SOLOMON, ALBERT
R. PINCUS, MARIA MEDVED, PETER A. DANKIN,
LITAS INVESTING CO., INC., a New York
corporation, DEN NORSKE BANK A/S,
PAUL ROTH and MONTY BEEBER, TRUSTEES, RINKER
MATERIALS CORPORATION, a Florida corporation,
MRMC CONSTRUCTION, INC., a Florida corporation,
CODE ENFORCEMENT BOARD OF INDIAN RIVER COUNTY,
FLORIDA, GATOR LUMBER COMPANY, a Florida
corporation, ELLIOTT BERNEY, and VANDA REST.
CORP., a New York corporation,
                        Defendants.
-------------------------------------------------X
                **AND**
-------------------------------------------------X
            Case No. 94-0198-CA-03

PETER DANKIN,
                        Plaintiff,

      -vs-

INDIAN BEACH ASSOCIATES, INC, and INDIAN RIVER
TITLE CORP., et al.,

                        Defendants.
-------------------------------------------------X

   AFFIDAVIT IN SUPPORT OF MOTION TO REMOVE CASE NO. 97-0436-CA-09
   FROM THE CIRCUIT COURT FOR INDIAN RIVER COUNTY, TO TRANSFER TO
   THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
        AND TO CONSOLIDATE WITH CASE NO. 94-0198-CA-03


STATE OF NEW YORK  )
COUNTY OF QUEENS   )  SS:

            I, Aras Vebeliunas, residing at 304 Bayville Road,

Lattingtown, New York 11560, appearing pro se, being duly sworn,

state the following:

1.    I am successor in interest of certain first mortgage previously held by Vanda Rest. Corp. ("VANDA") on the property central to this lawsuit.  The assignment of the note and mortgage are hereto attached as Exhibit A.  The original is now being recorded.  Because of this assignment, I am now a defendant in Indian River County Circuit Court Case No. 97-0436-CA-09.

PETITION TO REMOVE THE CASE TO U.S. DISTRICT COURT

2.    On June 9, 1998, I received from plaintiff Crown Real Estate Inc. ("CROWN") an amended complaint filed in the Nineteenth Judicial Circuit for Indian River County Florida.  The complaint was filed on May 26, 1998 and is attached hereto as Exhibit B.  Pursuant to 28 USC § 1446(b) my motion is in compliance with the 30-day period from service.  My motion is also in compliance with 28 USC § 1332 which is within one year after commencement of this action.  CROWN's original action was filed on August 11, 1997, however it failed to name VANDA as a defendant. (Exhibit C)

3.    The property in this foreclosure suit is located in the Township of Vero Beach, County of Indian River, State of Florida and it is within the jurisdiction of the United States District Court, Southern District of Florida.

4.    CROWN's complaint is in all respects similar to *Dankin vs. Indian Beach Associates, et al*, ("DANKIN")  Case No. 94-0198-CA-03 in the same court.  It contains the very same property,

2

same owner, same mortgagees and most of the same defendants except that CROWN added Den norske Bank from the Republic of Norway.  Accordingly, I petition the U.S. District Court to merge and consolidate both cases.

5.   As Exhibit D, I am attaching an affidavit of Vytautas Vebeliunas ("VV"), a principal of VANDA.  VV is very familiar with the history of the property from its acquisition twenty years ago through the current litigation.  I incorporate his affidavit with the same effect as if it were recited herein.

6.   As reflected in VV's affidavit, the proper jurisdiction is in the U.S. District Court due to:

        a)   Diversity of Citizenship
        b)   Interest of Justice
        c)   Bias by the County Court

The diversity of citizenship are the States of Florida, New York, Missouri, Pennsylvania and the Republic of Norway.

7.   The current emergence of CROWN's lawsuit confirms VANDA's long-term suspicion that the Floridian Group, from day one of the sale, engaged in a conspiracy to exclude VANDA from any equity in the mortgage.  They have managed to convert Burnett's claim into a judgment ex parte from VANDA's or its predecessor's knowledge.  Now they have transferred the inside mortgagees' interest to CROWN and everybody, owners and mortgagees, failed to answer resulting in the granting of default judgments in favor of CROWN.  Such defaults by non-appearance by eight individuals walking away from a $2 million property is incomprehensible indeed.  They intentionally delayed notice to

3

VANDA in the expectation that this senior mortgage would be ruled not valid. A daring attempt, indeed, to call a 58.24% instrument invalid and the balance a good indebtedness. In the interest of brevity, I respectfully direct this court to refer to the affidavit of Vytautas Vebeliunas (Exhibit D) alleging conspiracy and other inequities.

8. Exhibit D also brings out the appearance of bias by the County Court. I herewith would like to supplement the evidence suggesting the County Court's prejudice.

9. The record shows that Indian Beach Associates' ("INDIAN BEACH") attorneys requested VANDA's attorney, Victoria M. Brown, to recuse herself as defense attorney because she was an escrow agent in one transaction and was to be called as a witness. (See Exhibit E.) When she resigned, the attorneys for INDIAN BEACH rushed to advance the trial date with the apparent strategy that VANDA will not get an attorney in time, or at least, make an attorney's mission impossible to comprehend the details. They were successful in scheduling a pre-trial status conference on May 14, 1998. In a panic, I found a New York attorney to look into the case. I asked Mr. Chase Caro to make an appearance to represent VANDA at the pre-trial conference. I informed him about the notice we received now allowing participation by telephone. Mr. Caro attempted to announce his appearance by telephone with an intention to be sponsored by a Florida attorney. However, the Judge did not permit a telephonic appearance quoting that was only valid for a 15-minute

4

conference. See affidavit of Mr. Caro as Exhibit F.

10. Even though the Amended Complaint in Count I moves for mortgage foreclosure of the property and applies for a receiver it fail to include INDIAN BEACH, the mortgagor and owner of the property. I am also puzzled and mystified by the employment of attorneys by CROWN. They are represented by Mr. Louis F. Robinson, III. He is the very same counselor who represented Indian River Title ("RIVER TITLE") against all of the defendants. RIVER TITLE, under Mr. Robinson's stewardship, claimed that the sellers, including the four persons who transferred their equity to CROWN misrepresented the facts to the title company. Now he is representing the interest, in the same litigation, of the very parties which he was attaching. It appears that there is more than conflict of interest. It leads again to a blatant conspiracy by the minority mortgagees disguised as sellers but, in reality, the purchasers.


CONCLUSION

11. The following facts support by request to transfer this case to the United States District Court:

a. My motion and request to transfer is timely filed.

b. The wide diversity of citizenship including Den norske Bank of the Republic of Norway is dominating and mandates Federal jurisdiction.

c. The conspiracy of local entrepreneurs against investors from other States is well demonstrated. The County Court's ignoring VANDA's proof that the Florida parties have submitted perjured evidence, has been shown.

d. It is doubtful that the interest of justice and the truth

5

could be served in the County Court in this case.

e.     A strong appearance of County Court bias was shown.

f.     I have no other recourse but the United State District
       Court.

       WHEREFORE, I pray that the above actions now pending in
the Circuit Court of the Nineteenth Judicial Circuit in and for
Indian River County, Florida be removed therefrom to the United
States District Court, Southern District of Florida.


Dated:  June 17, 1998

                                   _____
                                   Aras Vebeliunas, Pro Se
                                   304 Bayville Road
                                   Lattingtown, NY   11560
                                   (718) 441-2811


Sworn to before me this _19th_ day of June, 1998

_____
       Notary Public


                MONICA N. SETIKAS
         Notary Public, State of New York
                No. 01SE5088254
            Qualified in Queens County
         Commission Expires Nov. 17, 1999


6

<u>ASSIGNMENT OF MORTGAGE</u>

<u>THIS DOCUMENT IS BEING RE-RECORDED TO SHOW THE INTEREST OF THE PARTIES</u>

KNOW ALL MEN BY THESE PRESENTS:

That Vanda Rest. Corp., a New York corporation, with its principal office at 86-01 114 Street Richmond Hill, New York 11418 the "assignor" in consideration of the sum of Ten and No/100 Dollars ($10.00) and other valuable considerations, received from or on behalf of Aras Vebeliunas, whose post office mailing address is 304 Bayville Rd. Lattingtown, New York 11560 (The "Assignee") at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto the Assignee a certain mortgage bearing date the 20th day of August 1991 made by Indian Beach Associates Inc., a Florida corporation, in favor of LITAS INVESTING CO., INC., a New York corporation as to and undivided 58.24% interest; and recorded on August 22, 1991 in Official Records Book 907 Page 765 of the Public Records of St. Lucie County Florida on May 31, 1993 as amended and recorded under Lis Pendens in the Official Record Book 1068 pages 587 through 593. upon the following described piece or parcel of land, situated and being in said County and State, to-wit:

> The East Twenty (20) Acres of Tract 10, Section 1, Township 33 South, Range 38 East according to the last general plat of lands of Indian River Farms Company Subdivision, as recorded in Plat Book 2, Page 25, of the Public Records of St. Lucie County, Florida; said lands now lying and being in Indian River County, Florida.

Together with the note or obligation described in said Mortgage and the moneys due and to become due thereon, with interest from March 20, 1992.

TO HAVE AND TO HOLD the same unto the Assignee, its successor and assigns forever.

IN WITNESS WHEREOF, the Assignor has hereunto set their hands and seals, this 22 day of May 1998.

Signed, Sealed and Delivered           VANDA REST. CORP.
in the Presence of:

BY: _____

Printed Name: WINOC BOGAERT   Name: VANDA VEBELIUNAS
                                      Secretary

Printed Name: MONICA SETIKAS


STATE OF NEW YORK )
COUNTY OF QUEENS  )

The foregoing instrument was acknowledged before me this 22nd day of MAY , 1998 by VANDA VEBELIUNAS, who is personally known to me.

_____
NOTARY PUBLIC

MONICA N. SETIKAS
Notary Public, State of New York
No. 01SE5088254
Qualified in Queens County, 999
Commission Expires Nov. 17, ___

*E X.H. A.*

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC.,
a Florida Corporation,

     Plaintiff,

vs.                          CASE NO. 97-0436-CA-09

MORRIS ZAKHEIM; PAUL COHEN; ABE ROSENTHAL;
JOSEPH BORDONARO; MICHAEL SOLOMON;
ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER MATERIALS
CORPORATION, a Florida Corporation;
MRMC CONSTRUCTION, INC., a Florida
Corporation; CODE ENFORCEMENT BOARD
OF INDIAN RIVER COUNTY, FLORIDA;
INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida Corporation;
ELLIOTT BERNEY; and VANDA REST. CORP.,
a New York corporation,

     Defendants.

_____/

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Plaintiff, Crown Real Estate, Inc., a Florida corporation

(hereinafter referred to as "Crown"), by and through its undersigned counsel, and

hereby sues the Defendants, Morris Zakheim; Paul Cohen; Abe Rosenthal; Joseph

Bordonaro; Michael Solomon; Albert R. Pincus; Maria Medved; Peter A. Dankin; Litas

Investing Co., Inc., a New York Dissolved Corporation; Den Norske Bank A/S; Paul

Roth and Monty Beber, Trustees; Rinker Materials Corporation; a Florida corporation;

MRMC Construction, Inc., a Florida corporation; Code Enforcement Board of Indian

River County, Florida; Indian River County, Florida; Gator Lumber Company, a Florida

*Exh. B*

corporation; Elliott Berney; and Vanda Rest. Corp., a New York corporation, and states:

COUNT I

MORTGAGE FORECLOSURE

1. This is an action to foreclose a Mortgage on real property situated in Indian River County, Florida.

2. On August 20, 1991, Defendants, Morris Zakheim; Paul Cohen; Abe Rosenthal; and Joseph Bordonaro executed and delivered a Promissory Note (hereinafter referred to as "Note") and Indian Beach Associates, Inc. executed a Mortgage securing payment of the Note to Litas Investing Co., Inc., as to an undivided 58.24% interest; James Meade, as to an undivided 9.25% interest; Albert R. Pincus, as to an undivided 14.01% interest; Jerome Hurwitz, as to an undivided 9.25% interest; and Frank J. Ioppolo, as to an undivided 9.25% interest, which Mortgage was recorded in Official Record Book 907, Page 765, of the Public Records of Indian River County, Florida, in the principal sum of Nine Hundred Forty Three Thousand Seven Hundred and Fifty Dollars ($943,750.00). Copies of the Note and Mortgage are attached hereto as Exhibits "A" and "B", respectively.

3. On September 25, 1991, Litas Investing Co., Inc., assigned its right, title and interest in the Note and Mortgage, attached hereto as Exhibits "A" and "B", to Vanda Rest Corp., a New York corporation, a copy of said Assignment of Mortgage is attached hereto as Exhibit "C", and hereinafter referred to as "Vanda's Interest".

4. On June 20, 1997, James Meade, as to an undivided 9.25% interest, Albert R. Pincus, as to an undivided 14.01% interest, and Frank J. Ioppolo, as to an undivided 9.25% interest, executed and delivered to Crown, an Assignment of

-2-

Mortgage whereby James Meade, as to an undivided 9.25% interest, Albert R. Pincus, as to an undivided 14.01% interest, and Frank J. Ioppolo, as to an undivided 9.25% interest, assigned their right, title and interest in the Note and Mortgage, attached hereto as Exhibits "A" and "B", to Crown. A copy of said Assignment of Mortgage is attached hereto as Exhibit "D", and hereinafter referred to as the "Crown Interest".

5.     Plaintiff alleges that Defendants, Morris Zakheim; Paul Cohen; Abe Rosenthal and Joseph Bordonaro, are over the age of eighteen years.

6.     Crown owns and holds the Crown Interest in the aforesaid Note and Mortgage, Exhibits "A" and "B" hereto.

7.     Defendants defaulted under the terms and conditions of said Note and Mortgage by failing to pay the monthly amount due on September 20, 1991, and all subsequent payments.     Notwithstanding Crown's demand for payment, said Defendants have failed to pay the amounts due.

8.     Plaintiff declares the full amount payable under the Note and Mortgage to be due.

9.     There is now due, payable and owing to Plaintiff, Crown, from Defendants, Morris Zakheim; Paul Cohen; Abe Rosenthal and Joseph Bordonaro, the principal sum of Four Hundred Sixty Two Thousand Five Hundred Forty-One Dollars and Sixty-Seven Cents ($462,541.67), on the Note and Mortgage, together with interest thereon, and interest accruing thereafter at a per diem rate, plus any late charges, advances, and real estate taxes.

10.     The real property was and is owned by Indian Beach Associates, Inc. who holds possession.

11.     Morris Zakheim; Paul Cohen; Abe Rosenthal and Joseph Bordonaro, are responsible for the Court costs and title search expenses for ascertaining the necessary parties to this foreclosure action, and for such other sums as provided in the aforesaid Note and Mortgage.

12.     The Defendant, Litas Investing Co., Inc., may have or claim to have an interest in or lien upon the subject property by virtue of that certain Warranty Deed dated March 2, 1982, by and between Carol Burnett and Litas Investing Co., Inc., recorded in Official Records Book 640, Page 1573 of the Public Records of Indian River County, Florida; Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

13.     The Defendant, Michael Solomon, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Quit Claim Deed recorded in Official Records Book 777, Page 0086 of the Public Records of Indian River County, Florida; Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

14.     The Defendant, Albert R. Pincus, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Quit Claim Deed recorded in Official Records Book 777, Page 0086 of the Public Records of Indian River County, Florida; Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

15.     The Defendant, Peter A. Dankin, may have or claim to have an interest in the subject property by virtue of an assignment of mortgage to him by Litas Investing Co., Inc.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

-4-

16.     The Defendant, Maria Medved, may have or claim to have an interest in the subject property by virtue of an assignment of mortgage to her by Litas Investing Co., Inc.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property

17.     The Defendant, Indian River County, Florida, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Claim of Lien recorded in Official Records Book 1090, Page 2092 of the Public Records of Indian River County, Florida, and by virtue of that certain Claim of Lien recorded in Official Records Book 1090, Page 2093 of the Public Records of Indian River County, Florida. Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

18.     The Defendant, Den Norske Bank A/S, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Final Judgment recorded in Official Records Book 976, Page 2006 of the Public Records of Indian River County, Florida.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

19.     The Defendants, Paul Roth and Monty Beber, Trustees, may have or claim to have an interest in or lien upon the subject property by virtue of:  (1) that certain Mortgage and Security recorded in Official Records Book 907, Page 2037, and (2) UCC-1 Financing Statement recorded in Official Records Book 907, Page 2030, both of the Public Records of Indian River County, Florida.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

20.    The Defendant, Rinker Materials Corporation, may have or claim to have an interest in or lien upon the subject property by virtue of:  (1) that certain Final Summary Judgment recorded in Official Records Book 1074, Page 2622, and (2) that certain Lis Pendens recorded in Official Records Book 1055, Page 735, both of the Public Records of Indian River County, Florida.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

21.    The Defendant, MRMC Construction, Inc., may have or claim to have an interest in or lien upon the subject property by virtue of:  (1) that certain Claim of Lien recorded in Official Records Book 1043, Page 0941; (2) Notice of Lis Pendens recorded in Official Records Book 1085, Page 919, and re-recorded in Official Records Book 1093, Page 2749; (3) Litigation pending in that certain case styled *MRMC Construction, Inc. v. Indian Beach Associates, Inc.*, in the Circuit Court of the Nineteenth Judicial Circuit In and For Indian River County, Florida, as Case No. 95-620-CA-09.  Notice of Lis Pendens recorded in Official Records Book 1037, Page 1037, all of the Public Records of Indian River County, Florida.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

22.    The Defendant, Code Enforcement Board of Indian River County, Florida, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Order recorded in Official Records Book 1084, Page 1656 of the Public Records of Indian River County, Florida.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

23.   The Defendant, Gator Lumber Company, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Final Judgment against Indian Beach Associates, Inc.; Morris Zakheim; Abe Rosenthal; Paul Cohen and Joseph Bordonaro, recorded in Official Records Book 1104, Page 2989, of the Public Records of Indian River County, Florida.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

24.   The Defendant, Elliott Berney, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Order dated August 19, 1997, in Case No. 94-0198-CA-03.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

25.   The Defendant, Vanda Rest. Corp., may have or claim to have an interest in or lien upon the subject property by virtue of the Assignment referred to in paragraph 3 and identified as Exhibit "C".  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

26.   Crown has employed the undersigned law firm as its attorneys to prosecute this action, and it has agreed to pay said law firm a reasonable fee for its services herein, all of which are an additional indebtedness owed to Plaintiff by Defendants.

27.   The notice required by the Fair Debt Collection Practice Act (The "Act"), 15 U.S.C. §1601, et. seq., as amended, is attached hereto as Exhibit "E".

28.   That Plaintiff has performed all conditions precedent necessary to the filing and prosecution of this action, and/or the same have been waived.

WHEREFORE, Plaintiff, Crown Real Estate, Inc., demands an accounting of the sums due to Plaintiff under the aforesaid Note and Mortgage, and that if the same are not paid within the time set by this Court, said real property be sold to satisfy Plaintiff's claims, including all principal, interest, escrow deficits (if any), appraisal costs, suit costs and attorney's fees and all other claims heretofore pled by the Complaint, and that if the proceeds of such sale are insufficient to pay Plaintiff's claims, a deficiency decree be entered for the sums remaining unpaid against the Defendants, Morris Zakheim; Abe Rosenthal; Paul Cohen and Joseph Bordonaro, and that the right, title and interest and estate of the Defendants and all persons claiming by, through, under or against the Defendants since the filing of the Lis Pendens herein be foreclosed, and for such further relief as the Court deems just.

## COUNT II

## COLLECTION ON NOTE

29.   This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00).

30.   Plaintiff alleges that Defendants, Morris Zakheim; Paul Cohen; Abe Rosenthal and Joseph Bordonaro are over the age of eighteen years.

31.   On August 20, 1991, Indian Beach Associates, Inc. and Defendants, Morris Zakheim; Paul Cohen; Abe Rosenthal and Joseph Bordonaro, executed and delivered a Promissory Note (hereinafter referred to as "Note") and Defendant, to Litas Investing Co., Inc., as to an undivided 58.24% interest; James Meade, as to an undivided 9.25% interest; Albert R. Pincus, as to an undivided 14.01% interest;

-8-

Jerome Hurwitz, as to an undivided 9.25% interest; and Frank J. Ioppolo, as to an undivided 9.25% interest, which Mortgage was recorded in Official Record Book 907, Page 765, of the Public Records of Indian River County, Florida, in the principal sum of Nine Hundred Forty-Three Thousand Seven Hundred and Fifty Dollars ($943,750.00). A copy of the Note is attached hereto as Exhibit "A".

32.   On September 25, 1991, Litas Investing Co., Inc., assigned its right, title and interest in the Note attached hereto as Exhibits "A" to Vanda Rest. Corp., a copy of said Assignment is attached hereto as Exhibit "C", and hereinafter referred to as "Vanda's Interest".

33.   On June 20, 1997, James Meade, as to an undivided 9.25% interest, Albert R. Pincus, as to an undivided 14.01% interest, and Frank J. Ioppolo, as to an undivided 9.25% interest, executed and delivered to Crown, an Assignment of Mortgage whereby James Meade, as to an undivided 9.25% interest, Albert R. Pincus, as to an undivided 14.01% interest, and Frank J. Ioppolo, as to an undivided 9.25% interest, assigned their right, title and interest in the Note attached hereto as Exhibit "A" to Crown. A copy of said Assignment is attached hereto as Exhibit "D" and hereinafter referred to as the "Crown Interest".

34.   Defendants defaulted under the terms and conditions of said Note by failing to pay the monthly amount due on September 20, 1991, and all subsequent payments. Notwithstanding Crown's demand for payment, said Defendants have failed to pay the amounts due.

35.   Plaintiff elects to declare the entire balance due on its Note from Defendants.

36.    The notice required by the Fair Debt Collection Practice Act (The "Act"), 15 U.S.C. §1601, et. seq., as amended, is attached hereto as Exhibit "E".

37.    Plaintiff has performed all conditions precedent necessary to the filing of this action, and/or the same have been waived.

38.    There is now due, payable and owing to Plaintiff, Crown, from Indian Beach Associates, Inc. and Defendants, Morris Zakheim; Paul Cohen; Abe Rosenthal and Joseph Bordonaro, the principal sum of Four Hundred Sixty Two Thousand Five Hundred Forty-One Dollars and Sixty-Seven Cents ($462,541.67) on the Note, together with interest thereon, and interest accruing thereafter at a per diem rate, plus any late charges, advances, and real estate taxes.

39.    Crown has employed the undersigned law firm as its attorneys to prosecute this action, and it has agreed to pay said law firm a reasonable fee for its services herein, all of which are an additional indebtedness owed to Plaintiff by Defendant.

WHEREFORE, Plaintiff, Crown Real Estate, Inc., hereby demands judgment against the Defendants, Morris Zakheim; Paul Cohen; Abe Rosenthal and Joseph Bordonaro, for damages, interest, both prejudgment and post judgment, costs and attorney's fees, and for any other relief to which it is entitled as a matter of law.

COUNT VI

ACTION FOR APPOINTMENT OF RECEIVER

40.    This is an action for the appointment of a receiver.

41.    In the event of a default by the Mortgagor and the institution of a suit to foreclose the subject mortgage, the Mortgage entitles Plaintiff to the appointment of a Receiver to pay the unpaid taxes; pay the unpaid utility bills; clean up the property

-10-

pursuant to Order from Code Enforcement Board of Indian River County and for the purpose of preserving and protecting the encumbered property and Plaintiff's interest therein.

42.   As hereinabove set forth, Indian Beach Associates, Inc. has defaulted under the Note and Mortgage, thereby entitling Plaintiff to the appointment of a Receiver.

43.   Unless a Receiver is appointed by this Court, Indian Beach Associates, Inc. will continue not to pay the unpaid taxes; not to pay the unpaid water bills; and not clean up the property pursuant to Order from Code Enforcement Board of Indian River County and not preserve and protect the encumbered property and Plaintiff's interest therein.

44.   Plaintiff has no adequate remedy at law.

45.   Crown has employed the undersigned law firm as its attorneys to prosecute this action, and it has agreed to pay said law firm a reasonable fee for its services herein, all of which are an additional indebtedness owed to Plaintiff by Defendants.

WHEREFORE, Plaintiff, Crown Real Estate, Inc., respectfully requests this Court appoint a Receiver to take charge of the encumbered property, collect all rents, issues and profits therefrom, apply the same in such manner as may be directed by this Court and exercise such other powers as may be prescribed by this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this ___ day of May, 1998, to the following counsel of record:

Jack B. Spira, Esq.
Spira, Beadle & McGarrell, P.A.
5205 Babcock Street, N.E.
Palm Bay, Florida  32905

Martin J. Alexander, Esq.
Holland & Knight LLP
625 North Flagler Drive, Suite 700
P. O. Box 3208
West Palm Beach, Florida  33402-3208

William C. Davell, Esq.
May, Meachan & Davell, P.A.
NationsBank Tower
One Financial Plaza, Suite 2602
Fort Lauderdale, Florida  33394
(954) 763-6006

_____
Louis F. Robinson, III, Esq.
Henderson & Robinson, P.A.
180 Royal Palm Way, Suite 203
Palm Beach, Florida  33480
(561) 659-6100
Florida Bar Number 360521
Attorneys for Plaintiff,
Crown Real Estate, Inc.

c:\wp60\lfr\rustine\crown\amended1.com

-12-

NOTE

$943,750.00                         New York, _AUGUST 22_, 1991

As hereinafter specified after date, we or either of us promise to
pay to the order of LITAS INVESTING CO., INC., JAMES MEADE, ALBERT
R. PINCUS, JEROME HURWITZ, FRANK J. IOPPOLO, NINE HUNDRED FORTY
THREE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 DOLLARS for value
received, payable at Litas Investing Co., Inc. at its office 86-01
114th Street, Richmond Hill, N.Y. 11418, a portion of 58.24% of all
indebtedness and the balance of 41.76% of the indebtedness to
Indian River Title Corporation at 505 Beachland Blvd., Suite 6,
Vero Beach, Florida 32963, with interest from date at the rate of
Ten Percent per annum until paid; interest payable specified below.
Indian River Title Corporation to divide 41.76% as follows: Albert
R. Pincus 14.01%; James Meade 9.25%; Jerome Hurwitz 9.25%; and
Frank J. Ioppolo 9.25%.

        And each of us whether maker, guarantor or endorser, hereby
severally waives and renounces any and all homestead exemption
rights we may have under the Construction or Laws of the State of
Florida, or any other State, or United States, as against this
note; and each further waives demand, notice of non-payment and
protest, and in the event it becomes necessary to collect this note
through an attorney, agrees to pay all costs of collection,
including reasonable attorney's fee.

Principal Balance of $943,750.00 to be repaid as follows:

A Principal Reduction Payment in the amount of $143,750.00 (One
Hundred Forty Three Thousand Seven Hundred Fifty and 00/100
Dollars) shall become due and payable on or before thirty (30) days
from the date hereof.

The remaining unpaid principal balance of $800,000.00, plus the
accrued interest on the $143,750.00 principal reduction payment, to
be repaid in 59 consecutive monthly installments of $7,722.53 each,
including interest at 10.00% per annum. This monthly payment will
represent monthly interest and principal on indebtedness of
$800,000.00 based on 30 year amortization in the amount of
$7,020.57 and the additional $701.96 represents the payment of
accrued interrest for the initial six (6) months.    The FINAL
BALLOON PAYMENT OF $795,264.81 plus accrued interest, if any,
commencing six (6) months from date hereof on _FEB., 22_, 1992
and monthly thereafter until said principal sum and interest due
thereon are fully paid. The Mortgagors hereby affirmatively state
that the sum of money equal to 10% of the total draws from
construction loan funds shall be first applied to the monthly
principal and interest payments and secondly as a principal
reduction payment of the Purchase Money Mortgage, reducing the


EXHIBIT A

principal balance of said Mortgage, and at no time shall the monthly payment exceed $7,020.57 plus the additional $701.96.

**Default Rate of Interest.** After the occurrence of an event of default, the Mortgagee may, in addition to any other rights of the Mortgagee, in its sole discretion, declare that the rate of interest on all outstanding principal under this Note shall increase, from the date of such declaration, to a maximum interest rate permitted under the Laws of the State of Florida.

The Makers reserve the right to prepay same in whole or in part at any time without penalty.

Florida Documentary Stamps have been paid on and affixed to the Mortgage securing this Note.

INDIAN BEACH ASSOCIATES, INC.,

BY _____ SEAL
Joseph Bordonaro
Vice President

_____ SEAL
Morris Zakheim

_____ SEAL
Paul Cohen

_____ SEAL
Abe Rosenthal

_____ SEAL
Joseph Bordonaro

No._____ Due_____

IR-8077

Return to:  Indian River Title Corp.
            505 Beachland Blvd.
            Vero Beach, FL 32963

This Instrument Prepared by:
            Albert R. Pincus. Esq.
            505 Beachland Blvd.
            Vero Beach, FL 32963

RECORD VERIFIED
JEFFREY K. BARTON
CLERK CIRCUIT COURT
INDIAN RIVER CO., FLA

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OF THE PRINCIPAL
BALANCE DUE UPON MATURITY IS $795,264.81. TOGETHER WITH ACCRUED INTEREST, IF
ANY AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

## THIS MORTGAGE DEED

Executed the 10th day of August A.D. 1991 by INDIAN BEACH
ASSOCIATES, INC., A FLORIDA CORPORATION hereinafter called the
Mortgagor, to LITAS INVESTING CO., INC., A NEW YORK CORPORATION, AS
TO AN UNDIVIDED 58.24% INTEREST; JAMES MEADE, AS TO AN UNDIVIDED
9.25% INTEREST; ALBERT R. PINCUS, AS TO AN UNDIVIDED 14.01%
INTEREST; JEROME HURWITZ, AS TO AN UNDIVIDED 9.25% INTEREST; AND
FRANK J. IOPPOLO, AS TO AN UNDIVIDED 9.25% INTEREST hereinafter
called the Mortgagee:

(Wherever used herein the terms "Mortgagor" and "Mortgagee"
include all the parties to this instrument and the heirs, legal
representatives and assigns of individuals, and the successors and
assigns of corporations; and the term "Note" includes all the notes
herein described if more than one.)

WITNESSETH, that for good and valuable considerations, and
also in consideration of the aggregate sum named in the promissory
note of even date herewith, hereinafter described, the mortgagor
hereby grants, bargains, sells, aliens, remises, conveys and
confirms unto the mortgagee all that certain land of which the
mortgagor is now seized and in possession situate in Indian River
County, Florida, viz:

The East 20 Acres of Tract 10, Section 1, Township 33
South, Range 38 East according to the last general plat
of lands of the Indian River Farms Company Subdivision,
as recorded in Plat Book 2, Page 25, Public Records of
St. Lucie County, Florida; said lands now lying and be-
ing in Indian River County, Florida.

DOCUMENTARY STAMPS : 3,020.16

INTANGIBLE TAX : 1,887.50
JEFFREY K. BARTON, CLERK
INDIAN RIVER COUNTY

EXHIBIT B

-2-

(1) **SUBORDINATION AGREEMENT**

The Seller agrees to subordinate their first mortgage of $800,000.00 to any building loan mortgage strictly subject to the following:

(a) Mortgagor must, at its sole cost and expense, over and above the $200,000.00 downpayment at closing, expend a minimum of $400,000.00 on improvements to the site. The improvements shall include items such as roads, deacceleration lanes, entry way, parking lot, models, construction management fees, architectural fees, engineering fees, surveying fees, permit fees and the like.

(b) Litas Investing Company and Albert R. Pincus on behalf of the Sellers must approve in writing the terms and conditions of any construction loan and will not unreasonably withhold their consent.

(c) Litas Investing Company and Albert R. Pincus must equally approve each and every draw and will not unreasonably withhold their consent.

(d) Purchaser will pay to the holder of Purchase Money Mortgage (P.M.M.) the sum of money equal to 10% of the total draws from construction loans aggregating to first five million dollars to be applied against interest and than the principal of said mortgage. Draws in excess of five million dollars will be levied 5% for the P.M.M.

(e) The release price for sale refinancing of each condominium unit from the Purchase Money Mortgage will be based on a $7,000.00 payment to be created against principal of the subordinated mortgage.

(f) Litas will also receive as additional consideration for agreeing to the subordination a sum equal to 1.8% of the gross sales price of the condominium units or 1.8% of gross rentals, only up to the sum of five million dollars in sales. It being understood however that in the event the project is sold totally prior to the completion of five million dollars in sales, then and in such event, Litas shall be entitled to the remaining balance of 1.8% of the five million dollars, less the amount paid prior thereto by the Purchaser.

TO HAVE AND TO HOLD the same, together with the tenements, hereditaments and appurtenances thereto belonging, and the rents, issues and profits thereof, unto the mortgagee, in fee simple.

AND the Mortgagor covenants with the Mortgagee that the mortgagor is indefeasibly seized of said land in fee simple; that the Mortgagor has good right and lawful authority to convey said

OR0907PG0766

-3-

land as aforesaid; that the Mortgagor will make such further assurances to perfect the fee simple title to said land in the Mortgagee as may reasonably be required; that the Mortgagor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free and clear of all encumbrances.

PROVIDED ALWAYS, that is said Mortgagor shall pay unto said Mortgagee the certain promissory note hereinafter substantially copied or identified, to-wit:

$943,750.00                         New York, August 20th , 1991

As hereinafter specified after date, we or either of us promise to pay to the order of LITAS INVESTING CO., INC./JAMES MEADE/ALBERT R. PINCUS/JEROME HURWITZ/FRANK J. IOPPOLO, NINE HUNDRED FORTY THREE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 DOLLARS for value received, payable to Litas Investing Co., Inc. at its office 86-01 114th Richmond Hill, N.Y. 11418, a portion of 58.24% of all indebtedness and the balance of 41.76% of the indebtedness to Indian River Title Corporation at 505 Beachland Blvd., Suite 6, Vero Beach, Florida 32963, with interest from date at the rate of Ten Percent per annum until paid; interest payable specified below

And each of us whether maker, guarantor or endorser, hereby severally waives and renounces any and all homestead exemption rights we may have under the Constitution or Laws of the State of Florida, or any other State, or United States, as against this note; and each further waives demand, notice of non-payment and protest, and in the event it becomes necessary to collect this note through an attorney, agrees to pay all costs of collection, including reasonabled attorney's fee.

Principal Balance of $943,750.00 to be repaid as follows:

A Principal Reduction Payment in the amount of $143,750.00 (One Hundred Forty Three Thousand Seven Hundred Fifty and 00/100 Dollars) shall become due and payable on or before thrity (30) days from the date hereof.

The remaining unpaid principal balance of $800,000.00 plus the accrued interest on the $143,750.00 principal reduction payment, to be repaid in 59 consecutive monthly installments of $7,722.53 each, including interest at 10.00% per annum. This monthly payment will represent monthly interest and principal on indebtedness of $800,000.00 based on 30 year amortization in the amount of $7,020.57 and the additional $701.96 represents the payment of accrued interest for the initial six (6) months. The FINAL BALLOON PAYMENT OF $795,264.81, plus accrued interest, if any, commencing

0R0907P60767

-4-

six (6) months from date hereof on February, 20th, 1992 and monthly thereafter until said principal sum and interest due,thereof are fully paid. The Mortgagors hereby affirmatively state that the sum of money equal to 10% of the total draws from construction loan funds shall be first applied to the monthly principal and interest payments and secondly as a principal reduction payment of the Purchase Money Mortgage, reducing the principal balance of said Mortgage, and at no time shall the monthly payment exceed $7,020.57 and the additional $701.96.

The Makers reserve the right to prepay same in whole or in part at any time without penalty.

Florida Document Stamps have been paid on and affixed to the Mortgage securing this Note.

                              INDIAN BEACH ASSOCIATES, INC.,
                              A FLORIDA CORPORATION

                              BY: _Joseph Bordonaro_ V.Pres.
                                                        SEAL
                                  Joseph Bordonaro
                                  Vice President

                                  _Morris Zakhim_     SEAL
                                  Morris Zakhim

                                  _Paul Cohen_        SEAL
                                  Paul Cohen

                                  _Abe Rosenthal_     SEAL
                                  Abe Rosenthal

No._____ Due _____          _Joseph Bordonaro_ SEAL
                                  Joseph Bordonaro

(2) This Mortgage shall be payable in monthly installments bearing interest at the rate of 10% with a 30 year amortization and five year balloon. Each monthly payment shall be in the sum of $7,722.63. The first payment being due and payable six months from date of this Mortgage or upon time of 1st draw which ever comes first and monthly thereafter for a period of five years (or 60 payments). The 60th payment being a balloon payment of entire unpaid balance together with interest to day of payment.

(3) TAXES: Mortgagor shall pay and discharge all taxes as and when

OR0907PG0768

BEST COPY AVAILABLE

-5-

the same become due and payable and before any fine, penalty, interest or cost may be added thereto or thereof, unless Mortgagor is then contesting (after giving prior written notice thereof to Mortgagee), by appropriate legal proceedings conducted in good faith and with due diligence, the validity, application or amount, in whole or in part, of such impositions; provided, however, that (a) such proceedings shall have the effect of suspending the collection of such contested taxes from Mortgagor or the Premises, (b) neither the Premises nor any part thereof or interest therein would be in any danger of being sold, forfeited or lost by reason of such proceedings and (c) Mortgagor shall have set aside on its books adequate reserves with respect thereto and shall have furnished such security, if any, as may be required in such proceedings or requested by Mortgagee. If, by law, any taxes for local or municipal improvements are payable, or at the election of the taxpayer may be paid, in installments, Mortgagor may pay such Taxes (and accrued interest on the unpaid portion thereof) in installments as the same become due and payable.

Within 15 days of receipt of written request therefor, Mortgagor shall deliver to Mortgagee official receipts of the appropriate taxing authority or other proof reasonably satisfactory to Mortgagee evidencing payment of any taxes.

(4) CASUALTY AND OTHER INSURANCE:  Mortgagor shall maintain the following insurance:

(a) Fire and liability insurance on the existing structure, and after substantial completion of each improvement additional insurance against loss or damage by fire, lightning and other casualties shall be obtained with a uniform standard extended coverage endorsement, such insurance to be in an amount not less than the full replacement value of the improvements, as determined by a recognized appraiser or insurer selected by Mortgagor, but in no event less than the principal amount of the outstanding loan.

(b) After substantial completion of the improvements, insurance against loss or damage by flood, such insurance to be in an amount not less than the principal amount of the loan.

(c) At all times, insurance protecting Mortgagor against loss arising from liability imposed by law or assumed in any written contract and loss or liability arising from personal injury, including bodily injury or death, or damage to the property of others, caused by accident or occurrence with a limit of liability of not less than $1,000,000 (combined single limit for personal injury, including bodily injury or death, and property damage).

(d) At all times during the construction of the improvements comprising the project shall be in progress, the Mortgagor shall cause any major subcontractor doing work in excess of $50,000 to

OR0907rc0769

iST COPY AVAILABLE

-6-

carry liability insurance of the type and providing the minimum limits set forth below:

(i)   Workers compensation and employer's liability with limits in accordance with applicable law; and

(ii)  Comprehensive general liability insurance.

(e) All policies of insurance required by this Section shall be procured and maintained in financially sound and generally recognized responsible insurance companies selected by Mortgagor and authorized to write insurance covering the vessels operating in the State of Florida.

(f) Within 15 days of receipt of written request therefor, Mortgagor shall deliver to Mortgagee receipted bills, cancelled checks or other proof reasonably satisfactory to Mortgagee evidencing payment of the premiums for the policies of insurance required by this Section.  If Mortgagor fails to give Mortgagee satisfactory evidence of the payment of such premiums within said 15-day period, Mortgagee may require Mortgagor to pay such insurance premium to Mortgagees escrow account.

(g) Mortgagor shall promptly notify Mortgagee of any loss, damage or other casualty with respect to the improvements, the equipment or any part thereof, and of all material claims made under all insurance policies specified under subparagraphs (a), (b), (c), (d), and (e) hereof.  Mortgagor shall not permit any condition to exist on the premises or in the improvements which would wholly or partially invalidate the insurance thereon.

(5) CONSTRUCTION LOAN AND OTHER LIABILITIES: Mortgagor shall make timely payments of all interest and principal of the construction loan as well as fulfill any requirements embodies in such construction mortgage or note.  When and if such construction loan will be converted to a permanent mortgage, the Mortgagor shall comply with all the monetary and other requirements of such permanent mortgage and note.

(6) ASSIGNMENT OF RENTS AND RIGHT TO TAKE POSSESSION OF PREMISES: Mortgagor agrees to surrender possession of the Premises to Mortgagor upon demand, and Mortgagee shall thereupon have the right to collect all rent and lease payments and to rent or lease the Premises, the improvements or any part thereof, to collect all rents and to apply the same on account of the indebtedness secured hereby, whether then matured or not, after payment of all proper costs, charges and expenses, including, but not limited to, (i) taxes, (ii) amounts required to be paid by any law or ordinance relating to the use or occupancy of the Premises or the Improvements or by any requirement, order or notice of violation thereof issued by any Governmental Agency and (iii) any and all

-7-

other costs, charges and expenses which it may be necessary or advisable for Mortgagee to pay in the management, operation and maintenance of the Premises, the improvements or any part thereof, including, without limitation, the cost of making repairs and alterations, commissions for renting the Premises, the improvements or any part thereof and legal expenses incurred in enforcing claims, preparing papers or all other services that may be required or otherwise as a court of competent jurisdiction may direct.

(7) RIGHT TO FORECLOSE MORTGAGE: Mortgagee may foreclose this Mortgage and sell, if permitted by law or petition to be sold, the Premises in one parcel or in such parcels, manner or order as a court of competent jurisdiction may direct. If permitted by law, Mortgagee may foreclose this Mortgage for any portion of the indebtedness or any other sums secured hereby which are then due and payable, subject to the continuing lien of this Mortgage for the balance of the indebtedness not then due.

(8) RIGHT TO APPOINTMENT OF RECEIVER: In any foreclosure action, Mortgagee shall be entitled to have a receiver appointed with concurrent notice to Mortgagor, without regard to the adequacy of any security for the indebtedness secured hereby and without regard to the solvency of Mortgagor or any Guarantor. Such receiver shall have and may enforce all of the rights and remedies of Mortgagee to the maximum extent permitted by law.

(9) EVENTS OF DEFAULT: The occurrence of any one or more of the following shall, at the option of Mortgagee, constitute an "Event of Default" under this Mortgage, provided that if any of the following Events of Default do not expressly provide for the giving of notice to Mortgagor, then in each such case such Event of Default shall require five (5) days prior written notice from Mortgagee to Mortgagor.

(a) Failure of the Mortgagor to pay (i) on or after the due date any principal of the Note within seven (7) days after notice from the Mortgagee as required by the loan documents, or (ii) on or after the due date interest on the Note within seven (7) days after notice from the Mortgagee as required by the loan documents, or (iii) any other amount payable hereunder, within seven (7) days after notice from the Mortgagee that any such amount is due; or

(b) Any representation or warranty made by the Mortgagor or the operating affiliate in any of the loan documents or in any financial or other statement furnished at any time under or in connection with the loan documents shall prove to have been incorrect in any material respect on or as of the date made or deemed made; or

(c) Failure to pay interest and principal when required for

-8-

the construction loan, or permanent mortgage loan, and/or fulfill any other obligation required by such construction mortgage or permanent mortgage and their respective notes.

(d) The Mortgagor, the Operating Affiliate or the Guarantor shall default in the observance or performance of any other covenant, agreement or provision contained in the loan documents and such default shall continue unremedied for a period of thirty (30) days following the earlier of notice thereof to the Mortgagor from Mortgagee or actual notice thereof by any officer of the Mortgagee; or after an additional thirty (30) days, Mortgagor shall pay a two percent (2.00%) penalty per month or fraction of a month of the monthly installment added to the current monthly payment and after this sixty (60) day period, this Mortgage shall be in default

(e) The Mortgagor, or Operating Affiliate shall fail to cure within five (5) days after notice from any person; (i) a default in any payment of principal of or interest on any indebtedness in excess of $100,000.00 or (ii) a default in the observance or performance of any other agreement or condition relating to any such indebtedness or contained in any instrument or agreement evidencing, securing or relating thereto, or any other event shall occur or condition exist, the effect of which default or other event or condition is to cause, or to permit the holder or holders of such indebtedness (or a trustee or agent on behalf of such holder or holders) to cause, with the giving of notice if required, such indebtedness to become due prior to its stated maturity; or

(f) (i) The Mortgagor, or Operating Affiliate or the Guarantor shall commence any case, proceeding or other action (A) under any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution, composition or other relief with respect to it or its debts, or (B) seeking appointment of a receiver, trustee, custodian or other similar official for it or for all or any substantial part of its assets, or the Mortgagor, or Operating Affiliate shall make a general assignment for the benefit of its creditors; or (ii) there shall be commenced against the Mortgagor, Operating Affiliate any case, proceedings or other action of a nature referred to in clause (i) above which (A) results in the entry of an order for such relief or any such adjudication or appointment or (B) remains undismissed, undischarged or unbonded for a period of 30 days.

(g) One or more final judgments or decrees shall be entered against the Mortgagor or the Operating Affiliate involving individually or in the aggregate a liability (not paid or fully

OR0907PG0772

-9-

covered by insurance) of $50,000.00 or more, or for which full and adequate reserves shall not have been established and which are not immediately applied if any proceedings or other measure is taken to enforce such judgment or decree, and which in the Mortgagee's judgment reasonably exercised could interfere materially and adversely with the conduct of the business of the Mortgagor or the Operating Affiliate, and all such judgments or decrees shall not have been vacated, discharged, or stayed or bonded pending appeal within thirty (30) days fromm the entry thereof; or

(h) A material change in the condition or affairs (financial or otherwise) of the Mortgagor, or Operating Affiliate or the Guarantor which in the reasonable opinion of the Mortgagee impairs in a material respect its risk; or

(i) Failure of Mortgagor to pay the amount of any costs, charges or expenses of Mortgagee, with interest thereon, in enforcing any of its rights or remedies under this Mortgage, any of the other loan documents or the Environment Agreement within 30 days after notice and demand therefor by Mortgagee in accordance with Section 2.9 of the Vessel Loan Agreement;

(j) Failure of Mortgagor to comply with, perform or observe any of its covenants or obligations under any assigned lease or any other lease or sublease now or hereafter affecting the premises, the improvements or any part thereof within the applicable grace period specified therein or, if no grace period is specified, within 30 days after notice of such failure is given to Mortgagor;

(k) If Mortgagor sells, assigns, conveys or otherwise transfers title to the premises, the collateral or any part thereof without the prior written consent of Mortgagee;

(l) If Mortgagor grants or permits any other mortgage (including, but not limited to, so-called "Wrap-Around Mortgages"), security interest or other secondary financing secured by the premises, the collateral or any part thereof without the prior written consent of Mortgagee;

(m) If any material change is made in the use of the premises without the prior written consent of Mortgagee;

(n) Refusal by the insurance company or companies which issued the fire insurance policy or policies covering the improvements to renew such policy or policies and the failure by Mortgagor to reinstate other adequate insurance.

10. RIGHTS AND REMEDIES OF MORTGAGEE UPON DEFAULT:  Upon the occurrence of any Event of Default, the Mortgagee may, at its option, exercise any one or more of the following rights and remedies:

OR0907r60773

BEST COPY AVAILABLE

-10-

(a) Default Rate of Interest. After the occurrence of an event of default, the Mortgagee may, in addition to any other rights of the Mortgagee, in its sole discretion, declare that the rate of interest on all outstanding principal under this Note shall increase, from the date of such declaration, to a maximum interest rate permitted under the Laws of the State of Florida.

(b) Payment after Default. Any tender of payment of the amount required to satisfy the Mortgage made during any period when interest is being paid at a fixed rate after the bank has exercised its right to accelerate the maturity date of this loan by reason of the occurrence of any Event of Default and prior to the sale of the premises in any foreclosure action shall be deemed to be a voluntary prepayment, and any such prepayment, to the extent permitted by law, shall be accompanied by the prepayment premium required to be paid under the prepayment provisions of this Note.

(c) Mortgagor to pay expenses. If it becomes necessary to take any legal action to collect the indebtedness evidenced by this Note or any part thereof or to foreclose the Mortgage, or if this Note is placed in the hands of an attorney for collection, the Mortgagor agrees to pay the reasonable attorneys fees to the Mortgagee, as well as all costs of collection, whether or not any foreclosure action is actually brought.

(d) The entire unpaid principal amount of the loan, together with all accrued and unpaid interest thereon, or advances of funds by Mortgagee, shall, without notice, become immediately due and payable, at the option of the Mortgagee, and the Mortgagee shall thereupon have the right, among others, to foreclose the Mortgage, upon the occurrence of any Event of Default. Failure to exercise such option shall not constitute a waiver of the right to exercise the same in the case of any subsequent Event of Default.

(e) Waivers and Consents. To the extent permitted by Law, the Mortgagor (a) waive and renounce any and all exemption rights and the benefit of all valuation and appraisal privileges as against the indebtedness secured by the Mortgagor any renewal or extension thereof, (b) waive presentment for payment, demand, protest, notice of protest and notice of dishonor and any and all lack of diligence or delays in the collection or enforcement of said indebtedness, (c) waive the right to assert in any foreclosure action any defense based upon or relating to the failure by the Mortgagee to produce and/or introduce into evidence in such action any of the notes, bonds or other obligations.

11.   MODIFICATIONS AND AMENDMENTS.   No change, amendment, modification, cancellation or discharge of this Note, or of any part hereof, shall be valid unless the Mortgagee shall have consented thereto in writing.

OR0907PG0774



\* THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $795,264.81, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

-11-

**12.  SUCCESSORS AND ASSIGNS.**  The covenants and obligations of this Note shall be binding upon the Mortgagor, its successors and assigns and shall inure to the benefit of the Mortgagee, its successors and assigns and all subsequent holders of the Mortgage.

**13.  GOVERNING LAW.**  This Note and Mortgage shall be governed by and construed in accordance with the Laws of the State of Florida.

**14.  WAIVER OF TRIAL BY JURY.**  To the extent permitted by law, the Mortgagor waives the right to trial by jury in any foreclosure action or other action pertaining to this restated Note.

IN WITNESS WHEREOF, the said Mortgagor has hereunto signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

Corporate Seal

ATTEST: _____
Secretary - Paul Cohen

_____
Witness - Albert R. Pincus

_____
Witness - Elizabeth A. Pincus

INDIAN BEACH ASSOCIATES, INC., A FLORIDA CORPORATION

BY: _____  V.Pes.
Joseph Bordonaro,
Vice President



STATE OF NEW YORK
COUNTY OF NASSAU

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared JOSEPH BORDONARO AS VICE PRESIDENT OF INDIAN BEACH ASSOCIATES INC., A FLORIDA CORPORATION, to me known to be the person described in and who executed the foregoing instrument and he acknowledged before me that he executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this 20ᵗʰ day of August, A.D., 1991.

_____
Name: Albert R. Pincus
Notary Public
My Commission Expires:

ALBERT R. PINCUS
Notary Public, State of New York
No. 30-4730674, Suffolk County
Commission Expires December 31, 19 92

00090700775

COPY AVAILABLE

ASSIGNMENT OF MORTGAGE
FROM CORPORATION

BANCO FORM 48

# Know All Men By These Presents:

RECORD VERIFIED
JEFFREY K. BARTON
CLERK CIRCUIT COURT
INDIAN RIVER CO., FLA

That  LITAS INVESTING CO., INC.

a corporation existing under the laws of the State of NY, as to an undivided 58.24% interest         , party of the first part, in consideration of the sum of
Ten and no/100 ($10.00)————————————————————— Dollars,
and other valuable considerations, received from or on behalf of  VANDAS REST CORP.,
a New York Corporation                                                              , party
of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto the said party         of the second part a certain mortgage bearing date the  20th        day of  August        A. D. 19 91
made by  INDIAN BEACH ASSOCIATES, INC., a Florida Corporation

In favor of *see below
and recorded in Official Records Book    907         , page 765    , public records of  Indian River
County, Florida, upon the following described piece or parcel of land, situate and being in said County and State, to-wit:

> The East 20 acres of Tract 10, Section 1, Township 33 South,
> Range 38 East according to the last general plat of lands of
> the Indian River Farms Company Subdivision, as recorded in
> Plat Book 2, page 25, Public Records of St. Lucie County,
> Florida; said lands now lying and being in Indian River County,
> Florida.

This Assignment is accepted by Vandas Rest Corp as a payment of interest due on
Mortgage issued by Litas Investing Co., Inc. to The Estate of Fredrick W.I. Lundy on
12/28/81, which Mortgage has been assigned to Vandas Rest Corp on 10/20/83.
*LITAS INVESTING CO., INC. A NEW YORK CORPORATION, AS TO AN UNDIVIDED
58.24% INTEREST; JAMES MEADE, AS TO AN UNDIVIDED 9.25% INTEREST;
ALBERT R. PINCUS, AS TO AN UNDIVIDED 14.01% INTEREST; JEROME HURWITZ,
AS TO AN UNDIVIDED 9.25% INTEREST; AND FRANK J. IOPPOLO, AS TO AN
UNDIVIDED 9.25% INTEREST

Together with the note  or obligation   described in said mortgage, and the moneys due and to become due thereon, with interest from the   20th   day of   August         , 19 91.

**To Have and to Hold** the same unto the said part   y   of the second part,  its
heirs, legal representatives, successors and assigns forever.

**In Witness Whereof** the party of the first part has caused these presents to be executed in its name, and its corporate seal to be hereunto affixed, by its proper officers thereunto duly authorized, the
day of                                 , A. D. 19   .

(CORPORATE SEAL)

ATTEST:
_____
Secretary

Signed, sealed and delivered in the presence of:

LITAS INVESTING CO., INC.

By _____
V. Vebeliunas                        President

_____
_____

STATE OF  FLORIDA
COUNTY OF  COLLIER

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared
V. VEBELIUNAS
well known to me to be the         President         of the corporation named as party of the first part in the foregoing instrument, and that they severally acknowledged executing the same in the presence of two subscribing witnesses freely and voluntarily under authority duly vested in them by said corporation and that the seal affixed thereto is the true corporate seal of said corporation.

WITNESS my hand and official seal in the County and State last aforesaid this    25    day of   Sept        , A. D. 19 91.

(SEAL)

_____
Theresa A Reeder
Notary Public
My Commission expires:

This Instrument prepared by: William D. Kramer, P.A.
Address                       567 Elkcam Circle
                              Marco Island, FL 33937

RETURN TO: WILLIAM D. KRAMER, P.A.
567 ELKCAM CIRCLE
MARCO ISLAND, FL 33937

OR 0912 PG 2063

EXHIBIT C

This Instrument was Prepared By:
WILLIAM C. DAVELL, Esq.
MAY, MEACHAM & DAVELL, P.A.
NationsBank Tower, Suite 2602
One Financial Plaza
Fort Lauderdale, Florida 33394

IN THE RECORDS OF
JEFFREY K. BARTON
CLERK CIRCUIT COURT
INDIAN RIVER CO., FLA.

DOCUMENTARY STAMPS
DEED $ .70
NOTE $
JEFFREY K. BARTON, CLERK
INDIAN RIVER COUNTY

IN THE RECORDS OF
JEFFREY K. BARTON
CLERK CIRCUIT COURT
INDIAN RIVER CO., FLA.

1007419

## ASSIGNMENT OF MORTGAGE

THIS DOCUMENT IS BEING RE-RECORDED TO SHOW THE INTEREST OF THE PARTIES

**KNOW ALL MEN BY THESE PRESENTS:**

THAT JAMES MEADE,* whose post office mailing address is 1400 26th Street Vero Beach, Florida 32960; ALBERT R. PINCUS,**whose post office mailing address is 1440 Pineville Road, New Hope, PA 18938; and FRANK J. IOPPOLO,**whose post office mailing address is 1405 Deer Park Avenue, North Babylon, New York 11703; (the "Assignors"), in consideration of the sum of Ten and No/100 Dollars ($10.00) and other valuable considerations, received from or on behalf of CROWN REAL ESTATE, INC., a Florida corporation, whose post office mailing address is P.O. Box 81135, Boca Raton, Florida 33481, (the "Assignee"), at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto the Assignee a certain mortgage bearing date the 20th day of August, 1991, made by INDIAN BEACH ASSOCIATES, INC., a Florida corporation, in favor of LITAS INVESTING CO, INC., a New York corporation as to and undivided 58.24% interest; JAMES MEADE, as to an undivided 9.25% interest; ALBERT R. PINCUS, as to an undivided 14.01% interest; JEROME HURWITZ, as to an undivided 9.25% interest; and FRANK J. IOPPOLO, as to an undivided 9.25% interest, and recorded on August 22, 1991 in Official Records Book 907 Page 765, of the Public Records of St. Lucie County,**Florida, upon the following described piece or parcel of land, situated and being in said County and State, to-wit:

> The East Twenty (20) Acres of Tract 10, Section 1, Township 33 South, Range 38 East, according to the last general plat of lands of Indian River Farms Company Subdivision, as recorded in Plat Book 2, Page 25, of the Public Records of St. Lucie County,Florida; said lands now lying and being in Indian River County, Florida.

97 JUL 15 AM 9:21

OR | 1 6 1 PG | 951

an undivided 9.25% interest
) an undivided 14.01% interest
to an undivided 9.25% interest
an River County

1



EXHIBIT D

Together with the note or obligation described in said Mortgage and the moneys due and to become due thereon, with interest from March 20, 1992.

**TO HAVE AND TO HOLD** the same unto the Assignee, its successor and assigns forever.

**IN WITNESS WHEREOF**, the Assignor has hereunto set their hands and seals, this _20_ day of June, 1997.

Signed, Sealed and Delivered
in the Presence of:

Printed Name: COLLEEN KADDENBERRY        Name: JAMES MEADE

_Alice W. Gaskill_
Printed Name: ALICE W. GASKILL

Printed Name: LOUISE NAGLE        Name: ALBERT R. PINCUS

Printed Name: _____

Printed Name: Jane Pross        Name:  FRANK J. IOPPOLO

STATE OF FLORIDA
COUNTY OF _INDIAN RIVER_

     The foregoing instrument was acknowledged before me this 20th day of June, 1997, by JAMES MEADE, who is personally known to me or who have produced FL DL M300-453-27-441-01 as identifications.

_Alice W. Gaskill_
Printed Name:
NOTARY PUBLIC
Serial No.: _____
My Commission Expires:

ALICE W. GASKILL
Notary Public State of Florida
My Comm Expires Aug. 18, 1997
Comm No. 300815

OR 1161 PG 1952

2

STATE OF ~~FLORIDA~~ *Pennsylvania*
COUNTY OF *BUCKS*

    The foregoing instrument was acknowledged before me this *11th* day of June, 1997, by ALBERT R. PINCUS, who is personally known to me ~~or who have~~ produced _____ ~~as identifications~~.


Printed Name: *LOUISE M. NAGLE*
NOTARY PUBLIC
Serial No.: _____
My Commission Expires: _____

> Notarial Seal
> Louise M. Nagle, Notary Public
> Buckingham Twp., Bucks County
> My Commission Expires April 3, 2000
>
> Member, Pennsylvania Association of Notaries

STATE OF ~~FLORIDA~~ *New York*
COUNTY OF *SUFFOLK*

    The foregoing instrument was acknowledged before me this *13* day of June, 1997, by FRANK J. IOPPOLO, who is personally known to me ~~or who have produced~~ _____ ~~as identifications~~.


Printed Name: *Jane Pross*
NOTARY PUBLIC
Serial No.: _____
My Commission Expires: _____

> JANE PROSS
> Notary Public, State of New York
> No. 01PR_____
> Qualified in Nassau County
> Commission Expires Feb. 24, 19 *98*

OR 1161 PG 1953

3

### EXHIBIT "E"

This Notice is Required by the Fair Debts Collection Practices
Act (the "Act") 15 U.S.C. §§1601 et seq., as amended.
------------------------------------------------------------------

      1.   The amount of the debt is stated in Paragraph 9
and Paragraph 38 of the Amended Complaint attached hereto.

      2.   The Plaintiff as named in the attached Summons and
Amended Complaint is the creditor to whom the debt is owed or is
the servicing agent for the creditor to whom the debt is owed.

      3.   The debt described in the Amended Complaint
attached hereto and evidenced by the copy of the mortgage note
attached hereto will be assumed to be valid by the creditor's law
firm, unless the debtor, within thirty (30) days after the
receipt of this notice, disputes, in writing, the validity of the
debt or some portion thereof.

      4.   If the debtor notifies the creditor's law firm in
writing within thirty (30) days of the receipt of this notice
that the debt or any portion thereof is disputed, the creditor's
law firm will obtain a verification of the debt and a copy of the
verification will be mailed to the debtor by the creditor's law
firm.

      5.   The name of the original creditor is set forth in
the mortgage and note attached hereto, if the creditor named as
Plaintiff in the attached Summons and Amended Complaint is not
the original creditor, and if the debtor makes a written request
to the creditor's law firm within thirty (30) days from the
receipt of this notice, the address of the original creditor will
be mailed to the debtor by the creditor's law firm.

      6.   Written request by this Act should be address to:

          MAY, MEACHAM & DAVELL, P.A.
          Attention:  William C. Davell
          NationsBank Tower, Suite 2602
          One Financial Plaza
          Fort Lauderdale, FL   33394

and to

          HENDERSON & ROBINSON. P.A.
          Attention:  Louis Robinson
          180 Royal Palm Way
          Suite #203
          Palm Beach, FL  33480

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CASE NO.

CROWN REAL ESTATE, INC., a
florida corporation,

        Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION, a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.
        Defendants.       /

## LIS PENDENS

TO:  **INDIAN BEACH ASSOCIATES, INC., a Florida corporation; MORRIS ZAKHEIM; PAUL COHEN; ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL SOLOMON; ALBERT R. PINCUS; MARIA MEDVED; PETER A. DANKIN; LITAS INVESTING CO., INC., a New York Dissolved Corporation; DEN NORSKE BANK A/S; PAUL ROTH AND MONTY BEBER, TRUSTEES; RINKER MATERIALS CORPORATION, a Florida corporation; MRMC CONSTRUCTION, Inc. a Florida corporation; CODE ENFORCEMENT BOARD OF INDIAN RIVER COUNTY, FLORIDA; GATOR LUMBER COMPANY, a Florida corporation.**

**YOU ARE NOTIFIED** of the institution of this action by CROWN REAL ESTATE, INC., a Florida corporation, Plaintiff against you seeking to foreclose a Mortgage on the following property in Indian River County, Florida:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

DATED: August 11, 1997.

MAY, MEACHAM & DAVELL, P.A.
Attorneys for Plaintiff
NationsBank Tower, Suite 2602
One Financial Center
Fort Lauderdale, FL 33394
(954) 763-6006 Broward
(305) 944-8291 Dade

By: _____
WILLIAM C. DAVELL
Florida Bar No. 210481

EXHIBIT "A"


The East Twenty (20) Acres of Tract 10, Section 1, Township 33 South, Range 38 East, according to the last general plat of lands of Indian River Farms Company Subdivision, as recorded in Plat Book 2, Page 25, of the Public Records of St. Lucie County, Florida; said lands now lying and being in Indian River County, Florida.

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC.,
a Florida Corporation,

      Plaintiff,

vs.                           CASE NO. 97-0436-CA-09

MORRIS ZAKHEIM; PAUL COHEN; ABE ROSENTHAL;
JOSEPH BORDONARO; MICHAEL SOLOMON;
ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER MATERIALS
CORPORATION, a Florida Corporation;
MRMC CONSTRUCTION, INC., a Florida
Corporation; CODE ENFORCEMENT BOARD
OF INDIAN RIVER COUNTY, FLORIDA;
INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida Corporation;
ELLIOTT BERNEY; and VANDA REST. CORP.,
a New York corporation,

      Defendants.

_____/

## SUMMONS ON AMENDED COMPLAINT

THE STATE OF FLORIDA:

      YOU ARE COMMANDED to serve this Summons and a copy of the Amended
Complaint, on the Defendant, Vanda Rest. Corp., by serving:

Aras Vebeliunas, President
Vanda Rest. Corp.
86-01 - 114th Street
Richmond Hills, New York  11418

Each Defendant is required to serve written defenses to the Amended Complaint on
Louis F. Robinson, III, Esq., Plaintiff's attorney, whose address is:

Henderson & Robinson, P.A.
180 Royal Palm Way, Suite 203
Palm Beach, Florida  33480
(561) 659-6100

within 20 days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

WITNESS my hand and the Seal of said Court, this __26th__ day of ___May___, 1998.

JEFFREY K. BARTON
Clerk of the Circuit Court

By: _Jennifer A. Sigler_
Deputy Clerk

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

979436 CA09

CROWN REAL ESTATE, INC., a
florida corporation,

        Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC.; a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION; a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.

_____  Defendants.  _____/

## COMPLAINT

    Plaintiff, CROWN REAL ESTATE, INC., a Florida corporation, (hereinafter CROWN),

by and through its undersigned attorneys, hereby sues the Defendants, INDIAN BEACH

ASSOCIATES, INC., a Florida corporation, MORRIS ZAKHEIM; PAUL COHEN; ABE

ROSENTHAL; JOSEPH BORDONARO; MICHAEL SOLOMON; ALBERT R. PINCUS;

MARIA MEDVED; PETER A. DANKIN; LITAS INVESTING CO., INC., a New York

Dissolved Corporation; DEN NORSKE BANK A/S; PAUL ROTH AND MONTY BEBER,

$Ex \mapsto C$

TRUSTEES; RINKER MATERIALS CORPORATION, a Florida corporation; MRMC CONSTRUCTION, INC. a Florida corporation; CODE ENFORCEMENT BOARD OF INDIAN RIVER COUNTY, FLORIDA; GATOR LUMBER COMPANY, a Florida corporation. and states:

## COUNT I
## MORTGAGE FORECLOSURE

1.     This is an action to foreclose a Mortgage on real property situate in Indian River County, Florida.

2.     On August 20, 1991, Defendants, INDIAN BEACH ASSOCIATES, INC., a Florida corporation, MORRIS ZAKHEIM; PAUL COHEN; ABE ROSENTHAL AND JOSEPH BORDONARO; executed and delivered a Promissory Note (hereinafter referred to as "Note") and Defendant, INDIAN BEACH ASSOCIATES, INC., a Florida corporation, executed a Mortgage securing payment of the Note to LITAS INVESTING CO. INC., a dissolved New York corporation as to an undivided 58.24% interest; JAMES MEADE, as to an undivided 9.25% interest; ALBERT R. PINCUS, as to an undivided 14.01% interest; JEROME HURWITZ, as to an undivided 9.25% interest; and FRANK J. IOPPOLO, as to an undivided 9.25% interest, which Mortgage was recorded in Official Record Book 907 Page 765, of the Public Records of Indian River County, Florida, in the principal sum of $943,750,.00 Copies of the Note and Mortgage are attached hereto as Exhibits "A" and "B" respectively.

3.     On September 25, 1991 LITAS INVESTING CO., INC., a New York dissolved corporation, assigned its right, title and interest in the Note and Mortgage attached hereto as Exhibits "A" and "B" to VANDAS REST. CORP., a New York corporation, a copy of said

2

Assignment of Mortgage is attached hereto as Exhibit "C", and hereinafter referred to as the "Vandas Interest".

4.     On June 20, 1997 JAMES MEADE, as to an undivided 9.25% interest, ALBERT R. PINCUS, as to an undivided 14.01% interest. AND FRANK J. IOPPOLO as to an undivided 9.25% interest, executed and delivered to CROWN REAL ESTATE, INC., (hereinafter "CROWN"), a Florida corporation, an Assignment of Mortgage whereby JAMES MEADE, as to an undivided 9.25% interest, ALBERT R. PINCUS, as to an undivided 14.01% interest. AND FRANK J. IOPPOLO as to an undivided 9.25% interest, assigned their right, title and interest in the Note and Mortgage attached hereto as Exhibits "A" and "B" to Crown. A copy of said Assignment of Mortgage is attached hereto as Exhibit "D", and hereinafter referred to as the "Crown Interest".

5.     Plaintiff alleges that Defendant, INDIAN BEACH ASSOCIATES, INC., a Florida corporation, is a corporation, is licensed to due business in the State of Florida.

6.     Plaintiff alleges that Defendants, MORRIS ZAKHEIM; PAUL COHEN; ABE ROSENTHAL AND JOSEPH BORDONARO are over the age of eighteen (18) years.

7.     Plaintiff, CROWN, owns and holds the Crown Interest in the aforesaid Note and Mortgage, Exhibits "A" and "B" hereto.

8.     Defendants defaulted under the terms and conditions of said Note and Mortgage by failing to pay the monthly amount due on September 20, 1991, and all subsequent payments. Notwithstanding CROWN'S demand for payment, said Defendants have failed to pay the amounts due.

9.     Plaintiff declares the full amount payable under the Note and Mortgage to be due.

3

10.   There is now due, payable and owing to Plaintiff, CROWN, from Defendants, INDIAN BEACH ASSOCIATES, INC., a Florida corporation; MORRIS ZAKHEIM; PAUL COHEN; ABE ROSENTHAL; AND JOSEPH BORDONARO, the principal sum of $462,541.67, on the Note and Mortgage, together with interest thereon, and interest accruing thereafter at a per diem rate, plus any late charges, advances, and real estate taxes.

11.   The real property was and is owned by Defendant, INDIAN BEACH ASSOCIATES, INC., a Florida corporation, who holds possession.

12.   The Defendants, INDIAN BEACH ASSOCIATES, INC., a Florida corporation; MORRIS ZAKHEIM; PAUL COHEN; ABE ROSENTHAL; AND JOSEPH BORDONARO, are responsible for the court costs and title search expenses for ascertaining the necessary parties to this foreclosure action, and for such other sums as provided in the aforesaid Note and Mortgage.

13.   The Defendant, LITAS INVESTING CO., INC., a New York Dissolved Corporation, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Warranty Deed dated March 2, 1982 by and between CAROL BURNETT and LITAS INVESTING CO., a dissilved New York corporation, recorded in O.R. Book 640, Page 1573; Plaintiff, CROWN, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

14.   The Defendant, MICHAEL SOLOMON, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Quit Claim Deed recorded in Official Records Book 777, Page 0086 of the Public Records of Indian River County, Florida; Plaintiff, CROWN, asserts that the lien of its Mortgage is superior and paramount to any right,

4

title or interest of said Defendant in and to said property.

15.     The Defendant, ALBERT R. PINCUS, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Quit Claim Deed recorded in Official Records Book 777 at Page 0086 of the Public Records of Indian River County, Florida; Plaintiff, CROWN, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

16.     The Defendant, Peter A. Dankin, may have or claim to have an interest in the subject property by virtue of an assignment of mortgage to him by Litas Investing Co.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

17.     The Defendant, Maria Medved, may have or claim to have an interest in the subject property by virtue of an assignment of mortgage to her by Litas Investing Co.  Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

18.     The Defendant, INDIAN RIVER COUNTY, FLORIDA, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Claim of Lien recorded in Official Records Book 1090 Page 2092 of the Public Records of Indian River County, Florida and by virtue of that certain Claim of Lien recorded in Official Records Book 1090 Page 2093 of the Public Records of Indian River County, Florida.  Plaintiff, CROWN, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

19.     The Defendant, DEN NORSEK BANK A/S, may have or claim to have an

5

interest in or lien upon the subject property by virtue of that certain Final Judgment recorded in Official Records Book 976, Page 2006 of the Public Records of Indian River County, Florida. Plaintiff, CROWN, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

20.     The Defendants, PAUL ROTH and MONTY BEBER, Trustees, may have or claim to have an interest in or lien upon the subject property by virtue of (1) that certain Mortgage and Security recorded in Official Records Book 907, Page 2037 and (2) UCC-1 Financing Statement recorded in Official Records Book 907, Page 2030, both of the Public Records of Indian River County, Florida.  Plaintiff, CROWN asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

21.  The Defendant, RINKER MATERIALS CORPORATION, a Florida corporation, may have or claim to have an interest in or lien upon the subject property by virtue of (1) that certain Final Summary Judgment recorded in Official Records Book 1074 at Page 2622 and (2) that certain Lis Pendens recorded in Official Records Book 1055, Page 735, both of the Public Records of Indian River County, Florida. Plaintiff, Crown, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

22.     The Defendant, MRMC CONSTRUCTION INC., a Florida corporation, may have or claim to have an interest in or lien upon the subject property by virtue of that certain (1) Claim of Lien recorded in Official Records Book 1043 at Page 0941; (2) Notice of Lis Pendens recorded in Official Records Book 1085, Page 919, and re-recorded in Official Records Book 1093, Page 2749; (3) Litigation pending in that certain case styled MRMC

6

CONSTRUCTION, INC., a Florida corporation, PLAINTIFF, vs. INDIAN BEACH ASSOCIATES, INC., Defendant, in the Circuit Court of the 19th Judicial Circuit in and for Indian River County, Florida Case No. 95-620-CA-09. Notice of Lis Pendens recorded in Official Records Book 1037, Page 1037, all of the Public Records of Indian River County, Florida. Plaintiff, CROWN, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

23.     The Defendant, CODE ENFORCEMENT BOARD OF INDIAN RIVER COUNTY, FLORIDA, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Order recorded in Official Records Book 1084 at Page 1656 of the Public Records of Indian River County, Florida. Plaintiff, CROWN, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

24.     The Defendant, GATOR LUMBER COMPANY, a Florida corporation, may have or claim to have an interest in or lien upon the subject property by virtue of that certain Final Judgment against Indian Beach Associates, Inc., a Florida corporation, Morris Zakheim, Abe Rosenthal, Paul Cohen, and Joseph Bordonaro, recorded in Official Records Book 1104, Page 2989, of the Public Records of Indian River County, Florida. Plaintiff, CROWN, asserts that the lien of its Mortgage is superior and paramount to any right, title or interest of said Defendant in and to said property.

25.     CROWN has employed the undersigned law firm as its attorneys to prosecute this action, and it has agreed to pay said law firm a reasonable fee for its services herein, all of which are an additional indebtedness owed to Plaintiff by Defendant.

7

26.     The notice required by the Fair Debt Collection Practice Act (The 'Act'), 15 U.S.C. §1601 et. seq., as amended, is attached hereto as Exhibit "E".

27.     That Plaintiff has performed all conditions precedent necessary to the filing and prosecution of this action, and/or the same have been waived.

WHEREFORE, Plaintiff, CROWN, demands an accounting of the sums due to Plaintiff under the aforesaid Note and Mortgage, and that if the same are not paid within the time set by this Court, said real property be sold to satisfy Plaintiff's claims, including all principal, interest, escrow deficits (if any), appraisal costs, suit costs and attorneys' fees and all other claims heretofore pled by the Complaint, and that if the proceeds of such sale are insufficient to pay Plaintiff's claims, a deficiency decree be entered for the sums remaining unpaid against the Defendants, INDIAN BEACH ASSOCIATES, INC., a Florida corporation, MORRIS ZAKHEIM, ABE ROSENTHAL, PAUL COHEN, AND JOSEPH BORDONARO, and that the right, title and interest and estate of the Defendants and all persons claiming by, through, under or against the Defendants since the filing of the Lis Pendens herein be foreclosed, and for such further relief as the Court deems just.

## COUNT II
## COLLECTION ON NOTE

28.     This is an action for damages which exceed $15,000.00.

29.     Plaintiff alleges that Defendant, INDIAN BEACH ASSOCIATES, INC., a Florida corporation, is a corporation, is licensed to due business in the State of Florida.

30.     Plaintiff alleges that Defendants, MORRIS ZAKHEIM; PAUL COHEN; ABE ROSENTHAL AND JOSEPH BORDONARO are over the age of eighteen (18) years.

8

31.    On August 20, 1991, Defendants, INDIAN BEACH ASSOCIATES, INC., a Florida corporation, MORRIS ZAKHEIM; PAUL COHEN; ABE ROSENTHAL AND JOSEPH BORDONARO; executed and delivered a Promissory Note (hereinafter referred to as "Note") and Defendant, to LITAS INVESTING CO, INC., a New York corporation as to and undivided 58.24% interest; JAMES MEADE, as to an undivided 9.25% interest; ALBERT R. PINCUS, as to an undivided 14.01% interest; JEROME HURWITZ, as to an undivided 9.25% interest; and FRANK J. IOPPOLO, as to an undivided 9.25% interest, which Mortgage was recorded in Official Record Book 907 Page 765, of the Public Records of Indian River County, Florida, in the principal sum of $943,750,.00. A copy of the Note is attached hereto as Exhibit "A".

32.  On September 25, 1991 LITAS INVESTING CO., INC., a New York dissolved corporation, assigned its right, title and interest in the Note attached hereto as Exhibits "A" to VANDAS REST. CORP., a New York corporation, a copy of said Assignment is attached hereto as Exhibit "C", and hereinafter referred to as the "Vandas Interest".

33.    On June 20, 1997 JAMES MEADE, as to an undivided 9.25% interest, ALBERT R. PINCUS, as to an undivided 14.01% interest, and FRANK J. IOPPOLO as to an undivided 9.25% interest, executed and delivered to CROWN REAL ESTATE, INC., a Florida corporation and Assignment of Mortgage whereby JAMES MEADE, as to an undivided 9.25% interest, ALBERT R. PINCUS, as to an undivided 14.01% interest, and FRANK J. IOPPOLO as to an undivided 9.25% interest, assigned their right, title and interest in the Note attached hereto as Exhibit "A" to Crown. A copy of said Assignment is attached hereto as Exhibit "D", and hereinafter referred to as the "Crown Interest".

34.  Defendants defaulted under the terms and conditions of said Note by failing to pay

9

the monthly amount due on September 20, 1991, and all subsequent payments.  Notwithstanding

CROWN'S demand for payment, said Defendants have failed to pay the amounts due.

35.     Plaintiff elects to declare the entire balance due on its Note from Defendants.

36.     The notice required by the Fair Debt Collection Practice Act (The 'Act'), 15

U.S.C. §1601 et. seq., as amended, is attached hereto as Exhibit "E".

37.     Plaintiff has performed all conditions precedent necessary to the filing of this

action, and/or the same have been waived.

38.     There is now due, payable and owing to Plaintiff, CROWN, from Defendants,

INDIAN BEACH ASSOCIATES, INC., a Florida corporation, MORRIS ZAKHEIM; PAUL

COHEN; ABE ROSENTHAL AND JOSEPH BORDONARO, the principal sum of $462,541.67

on the Note, together with interest thereon, and interest accruing thereafter at a per diem rate,

plus any late charges, advances, and real estate taxes.

39.  CROWN has employed the undersigned law firm as its attorneys to prosecute this

action, and it has agreed to pay said law firm a reasonable fee for its services herein, all of

which are an additional indebtedness owed to Plaintiff by Defendant.

WHEREFORE, Plaintiff, CROWN, hereby demands judgment against the Defendants,

INDIAN BEACH ASSOCIATES, INC., a Florida corporation, MORRIS ZAKHEIM; PAUL

COHEN; ABE ROSENTHAL AND JOSEPH BORDONARO, for damages, interest, costs and

attorney's fees, and for any other relief to which it is entitled as a matter of law.

## COUNT VI

## ACTION FOR APPOINTMENT OF RECEIVER

40.    This is an action for the appointment of a receiver.

41.    In the event of a default by the Mortgagor and the institution of a suit to foreclose the subject mortgage, the Mortgage entitles Plaintiff to the appointment of a Receiver to pay the unpaid taxes; pay the unpaid utility bills; clean up the property pursuant to Order from Code Enforcement Board of Indian River County and for the purpose of preserving and protecting the encumbered property and Plaintiff's interest therein.

42.    As hereinabove set forth, Defendant, INDIAN BEACH ASSOCIATES, Inc. has defaulted under the Note and Mortgage, thereby entitling Plaintiff to the appointment of a Receiver.

43.    Unless a Receiver is appointed by this Court, Defendant, INDIAN BEACH ASSOCIATES, INC., will continue not to pay the unpaid taxes; not to pay the unpaid water bills; and not clean up the property pursuant to Order from Code Enforcement Board of Indian River County and not preserve and protect the encumbered property and Plaintiff's interest therein.

44.    Plaintiff has no adequate remedy at law.

45.    CROWN has employed the undersigned law firm as its attorneys to prosecute this action, and it has agreed to pay said law firm a reasonable fee for its services herein, all of which are an additional indebtedness owed to Plaintiff by Defendant.

WHEREFORE, Plaintiff, CROWN, respectfully requests this Court appoint a Receiver to take charge of the encumbered property, collect all rents, issues and profits therefrom, apply the same in such manner as may be directed by this Court and exercise such other powers as may be prescribed by this Court.

11

MAY, MEACHAM & DAVELL, P.A.
Attorneys for Plaintiff
NationsBank Tower, Suite    2602
One Financial Plaza
Fort Lauderdale, FL  33394
(954) 763-6006  Broward
(305) 944-8291 Dade

By: _____
        WILLIAM C. DAVELL
        Florida Bar No. 210481

## N O T E

$943,750.00                          New York, *AUGUST 22*, 1991

As hereinafter specified after date, we or either of us promise to pay to the order of LITAS INVESTING CO., INC., JAMES MEADE, ALBERT R. PINCUS, JEROME HURWITZ, FRANK J. IOPPOLO, NINE HUNDRED FORTY THREE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 DOLLARS for value received, payable at Litas Investing Co., Inc. at its office 86-01 114th Street, Richmond Hill, N.Y. 11418, a portion of 58.24% of all indebtedness and the balance of 41.76% of the indebtedness to Indian River Title Corporation at 505 Beachland Blvd., Suite 6, Vero Beach, Florida 32963, with interest from date at the rate of Ten Percent per annum until paid; interest payable specified below. Indian River Title Corporation to divide 41.76% as follows: Albert R. Pincus 14.01%; James Meade 9.25%; Jerome Hurwitz 9.25%; and Frank J. Ioppolo 9.25%.

And each of us whether maker, guarantor or endorser, hereby severally waives and renounces any and all homestead exemption rights we may have under the Construction or Laws of the State of Florida, or any other State, or United States, as against this note; and each further waives demand, notice of non-payment and protest, and in the event it becomes necessary to collect this note through an attorney, agrees to pay all costs of collection, including reasonable attorney's fee.

Principal Balance of $943,750.00 to be repaid as follows:

A Principal Reduction Payment in the amount of $143,750.00 (One Hundred Forty Three Thousand Seven Hundred Fifty and 00/100 Dollars) shall become due and payable on or before thirty (30) days from the date hereof.

The remaining unpaid principal balance of $800,000.00, plus the accrued interest on the $143,750.00 principal reduction payment, to be repaid in 59 consecutive monthly installments of $7,722.53 each, including interest at 10.00% per annum. This monthly payment will represent monthly interest and principal on indebtedness of $800,000.00 based on 30 year amortization in the amount of $7,020.57 and the additional $701.96 represents the payment of accrued interrest for the initial six (6) months. The FINAL BALLOON PAYMENT OF $795,264.81 plus accrued interest, if any, commencing six (6) months from date hereof on *FEB., 22*, 1992 and monthly thereafter until said principal sum and interest due thereon are fully paid. The Mortgagors hereby affirmatively state that the sum of money equal to 10% of the total draws from construction loan funds shall be first applied to the monthly principal and interest payments and secondly as a principal reduction payment of the Purchase Money Mortgage, reducing the



EXHIBIT A

Mar-24-97 04:04P Crow    panies
MAR-20-9T THU :    4 ALBERT R PINCU

principal balance of said Mortgage, and at no time shall the
monthly payment exceed $7,020.57 plus the additional $701.96.

Default Rate of Interest.  After the occurrence of an event of
default, the Mortgagee may, in addition to any other rights of the
Mortgagee, in its sole discretion, declare that the rate of
interest on all outstanding principal under this Note shall
increase, from the date of such declaration, to a maximum interest
rate permitted under the Laws of the State of Florida.

The Makers reserve the right to prepay same in whole or in part at
any time without penalty.

Florida Documentary Stamps have
been paid on and affixed to the
Mortgage securing this Note.

INDIAN BEACH ASSOCIATES, INC.,

BY _____ SEAL
   Joseph    Bordonaro
   Vice President

   _____ SEAL
   Morris Zakhem

   _____ SEAL
   Paul Cohen

   _____ SEAL
   Abe Rosenthal

   _____ SEAL
   Joseph Bordonaro

No._____ Due_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
--------------------------------------------------X
          Case No. 97-0436-CA-09

CROWN REAL ESTATE, INC., A Florida
     corporation,
                         Plaintiff,

     -vs-

MORRIS ZAKHEIM, PAUL COHEN, ABE ROSENTHAL,
JOSEPH BORDONARO, MICHAEL SOLOMON, ALBERT
R. PINCUS, MARIA MEDVED, PETER A. DANKIN,
LITAS INVESTING CO., INC., a New York
corporation, DEN NORSKE BANK A/S,
PAUL ROTH and MONTY BEEBER, TRUSTEES, RINKER
MATERIALS CORPORATION, a Florida corporation,
MRMC CONSTRUCTION, INC., a Florida corporation,
CODE ENFORCEMENT BOARD OF INDIAN RIVER COUNTY,
FLORIDA, GATOR LUMBER COMPANY, a Florida
corporation, ELLIOTT BERNEY, and VANDA REST.
CORP., a New York corporation,
                         Defendants.
--------------------------------------------------X
               **AND**
--------------------------------------------------X
          Case No. 94-0198-CA-03

PETER DANKIN,
                         Plaintiff,

     -vs-

INDIAN BEACH ASSOCIATES, INC, and INDIAN RIVER
TITLE CORP., et al.,

                         Defendants.
--------------------------------------------------X


**AFFIDAVIT OF VYTAUTAS VEBELIUNAS IN SUPPORT TO REMOVE, TRANSFER
AND CONSOLIDATE THE FOLLOWING TWO CASES TO THE UNITED STATES
DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA:
CASE NO. 97-0436-CA-09 AND CASE NO. 994-0198-CA-03**


          I, Vytautas Vebeliunas, having a principal residence at

304 Bayville Road, Locust Valley, NY  11560, now an inmate at the

Allenwood Federal Prison Camp in Montgomery, Pennsylvania, under

penalties of perjury, state the following:

1.   I am a defendant in these proceedings and an officer of
Vanda Rest. Corp. ("VANDA"), corporation now named as a defendant
in this lawsuit.

2.   I have participated in the ownership of this property
central to this litigation for twenty years and am familiar with
the disputes in both cases.  The removal of this case from the
State Court to the United States District Court for the Southern
District of Florida jurisdiction is valid since VANDA was served
on June 9, 1998 and named in the complaint on May 26, 1998.

3.   The following are grounds why this case should be
consolidated and placed under the jurisdiction of the United
States District Court:

> I.   Diversity of Citizenship
>
> II.  Interest of Justice
>
> III. Bias of the County Court

## HISTORY OF ISSUES

4.   On August 20, 1991, a parcel of land was sold.  The
sellers were tenants in common consisting of five parties.  Four
parties were individuals residing in Indian River County, Florida
whose holdings aggregated to 41.76% interest in the property.
The fifth party, owning 58.24%, was Litas Investing Co., Inc.
("LITAS"), a public corporation incorporated and doing business
in the State of New York.  In the sales transaction, the sellers
received a purchase money mortgage of $943,750 and held such

2

mortgage in the same proportions as above.

5.    The real property was located in Indian River County, in the State of Florida.  The purchaser, Indian Beach Associates, Inc. ("INDIAN BEACH") is a Florida corporation.

6.    After the sale, INDIAN BEACH claimed that certain liabilities affecting the land were not disclosed and used that allegation to challenge and discharge the 58.24% portion of the purchase money mortgage, now owned by VANDA.

7.    This lawsuit was joined by three other lienors, two from New York and the other from Collier County, Florida.  The lawsuit was also joined by Chicago Title Company, an Illinois corporation, and other parties hereinafter enumerated in the diversity of citizenship statement.  According to information received, the owner of the property, INDIAN BEACH, has settled many of the liens but is keeping secret the terms and parties of these settlements.  Now INDIAN BEACH is scheduling the issue for trial against VANDA, the New York corporation mortgagee.  As was discovered from the complaint filed on June 9, 1998, simultaneously, the 41.76% mortgagees have transferred their claims to a Florida corporation named Crown Real Estate, Inc. ("CROWN") and commenced a separate foreclosure action in the same court under case number 97-0436-CA-09.


I.

**THE CORRECT VENUE OF THE CASE IS IN U.S. DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA DUE TO THE LOCATION OF THE PROPERTY AND DIVERSITY OF CITIZENSHIP**

3

8.   The property in this foreclosure suit is located in Township of Vero Beach, County of Indian River, State of Florida. Geographically it is within the jurisdiction of U.S. District Court, Southern District of Florida.  The following are the residences of the participants in these lawsuits:

| | | |
|---|---|---|
| Peter A. Dankin | Plaintiff | New York |
| Indian Beach Associates Inc. | Third-Pty Plaintiff | Florida |
| Chicago Title Ins. Co. | Defendant | Missouri |
| Indian River Title Corp. | Defendant | Florida |
| Litas Investing Co., Inc. | Defendant | New York |
| Aras Vebeliunas | Defendant | New York |
| Vanda Rest. Corp. | Def./Cross-Claimant | New York |
| Maria Medved | Defendant | New York |
| Gator Lumber | Defendant | Florida |
| Morris Zakheim | Guarantor | New York |
| Abe Rosenthal | Guarantor | New York |
| Carol Burnett | Plaintiff | Florida |
| MRMC Construction Inc. | Defendant | Florida |
| Elliot Berney | Plaintiff as Successor to Burnett | New York |
| James Meade | Defendant | Florida |
| Michael Solomon | Defendant | New York |
| Joseph Bordonaro | Defendant | New York |
| Den norske Bank | Defendant | Oslo, Norway |
| Albert Pincus | Defendant | Pennsylvania |

The foregoing list clearly demonstrates diversity of citizenship across the continent and, in the case of the Norwegian Den norske Bank, even across the Atlantic.  This diversity mandates jurisdiction in U.S. District Court.

9.   Because of subsequent developments outlined here below, the petition to transfer is filed within the statutory time. During previous proceedings of Case No. 94-0198-CA-03, it gradually became evident that the purpose of the trial was to squeeze out VANDA's mortgage for the benefit of the landowner and the 41.76% mortgage holders who, on information and belief, are actually partners of the purchaser, INDIAN BEACH.

4

CONSPIRACY BETWEEN THE 41.76% MORTGAGEES AND OWNERS
IS DISCOVERED ONLY RECENTLY

10.  On June 9, 1998, VANDA was served for the first time
with the complaint under Case No. 97-0436-CA-09 where Crown Real
Estate Inc. ("CROWN") has filed a foreclosure suit against the
property.  However this amended complaint did not name INDIAN
BEACH, the mortgagor.  It appears that the consolidated forces of
the 41.76% mortgage holders and the owner, under their alter-ego,
CROWN, are counting that the County Court will discharge VANDA's
mortgage and then foreclose the property against mine and other
interests.  It is also very suspect why, the State Court in its
earlier moves, had consolidated previous lawsuit (94-057CA-09
into 94-0198-CA-03) but failed to merge the CROWN case even
though the litigants and the property are the same.  It appears
that the Floridian group, landowners and mortgagees, have
conspired to keep it secret from me and the 58.24% mortgagee.

11.  VANDA, the holder of the 58.24% mortgage, who has filed
lis pendens and foreclosure action the land, but was not cited in
CROWN's complaint until June 9, 1998, is filing a motion to
remove the case from State jurisdiction.  Neither VANDA nor I
knew about the CROWN foreclosure suit, therefore the petition to
consolidate and transfer the case to the Federal Court is
reasonable and timely.

## II.

### INTEREST OF JUSTICE

12.  There is always the possibility that the local Justice,

5

intentionally or not, might lean in favor of the home town at the expense of the foreigner.  This is especially possible in this case as amplified in the next chapter.  The parties will be protected from the possible dictatorial or parochial influence in the Federal Court.  The County Court ignored and disregarded my motion dated Sept. 30, 1997 (Exhibit 1).  My motion showed that:

a.   A previous judgment by the same judge was based on a forged document.

b.   The Floridian partners, the 41.76% mortgagees are *de facto* not sellers but partners of the purchasers.  This fact, that James Meade, a mortgagee within the 41.76% group, has entered into a construction agreement as the owner of MRMC Construction, Inc. corroborates this allegation.

c.   Attorney Pincus, a tenant in common and owner of the title company, alters release documents to facilitate the closing.

d.   Albert Pincus, now acting as attorney and representing INDIAN BEACH, the purchaser, against VANDA, the mortgagee but still remains the mortgagee within the 41.76% group.

13.  Now the purchasers and titleholders, disguised as 41.76% mortgagees commenced a lawsuit to foreclose the land. They, seeing an impossible problem of how to exclude VANDA, a 58.42% participant, from the same mortgage where they hold 41.76%, initially did not include VANDA as a plaintiff and did not cite it as a defendant and, indeed, kept their new foreclosure secret.  They were counting that the same County Judge will rule VANDA's mortgage as a nullity and then clear the property through foreclosure on their 41.76% claim.

14.  To accommodate the success of the 41.76% holders, the officers of INDIAN BEACH - owners of the property - Morris Zakheim, Abe Rosenthal, Paul Cohen and Joseph Bordonaro, failed

6

to appear in their new lawsuit and caused judgment by default in favor of CROWN.  The same tactic was employed by four mortgagees, James Meade, Albert Pincus, James Hurwitz and Frank Iopollo, also resulting in a judgments by default.  This is an evident design to clear the title at the loss of VANDA's equity.  After learning about CROWN's lawsuit, we discovered those default judgments from court records and attach as Exhibit 2.

15.  Under these circumstances it is not possible to receive justice in the County Court and it is necessary to seek jurisdiction under the Federal Court.  The need to transfer to Federal Court jurisdiction is also amplified by CROWN bringing in Den norske Bank which is headquartered in the Republic of Norway.

16.  The County Court, at the request of INDIAN BEACH, the mortgagor, set a trial date between May 26 and May 29, 1998. I hope that the trial has been stayed until my return.  INDIAN BEACH is claiming that VANDA's mortgage should be discharged because, allegedly, certain liens on the land were not disclosed. Such disclosure could only be charged against me since I represented the seller - mortgagee.  I cannot testify at the trial because I am imprisoned until December 4, 1998.  The County Court and INDIAN BEACH are again intending to render a judgment ex parte.  The transfer of this case to Federal Court will eliminate the obvious threat of injustice.

III.

APPEARANCE OF BIAS OF THE COUNTY COURT

7

17.   The Indian River Circuit Court has shown abuse of discretion in various rulings in this case.  It is presided over by a single justice.  Only months before commencement of this case, that Court ruled in favor of Carol Burnett.  On September 30, 1997 I had shown that the ex parte ruling was wrong since it was based on forged documents filed by Plaintiff Burnett. (Please refer to my affidavit and attachments thereto included in Exhibit 1).  However, the County Court did not vacate the order nor permitted any evidentiary hearings.  The County Court also ruled against VANDA and in favor of Eliot Berney, a successor in interest of Burnett, in spite of documents and arguments submitted that VANDA was not subject to the claims of Eliot Berney.  The summary judgment of Berney was not reversed.  I feel that Judge Charles E. Smith will be inclined to defend these prior case rulings at the cost of true justice.

## CONCLUSION

18.   The transfer of these cases to the United States District Court is necessary because:

> The diversity of citizenship including interstate and international litigants.

> The recent, clandestine move and lawsuit by the titleholder and partial mortgagee.

> For the interest of justice.

> Appearance of bias by the court attended by a single judge.

THEREFORE, I pray this court to admit these cases under the

8

jurisdiction of the United States District Court for the Southern District of Florida.


     Since I declare the foregoing to be my true statement under the penalties of perjury, pursuant to Federal law, this affidavit has the same effect as a sworn statement.


Dated: June 17, 1998
      Montgomery, PA

                        Respectfully submitted,


                        V. Vebeliunas
                        41744-053
                        P.O. Box 1000
                        Montgomery, PA  17752

9

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, STATE OF FLORIDA

PETER DANKIN,                              CASE NO. 94-0457 CA 09
                                           Consolidated with
                                           CASE NO. 94-0198 CA 03
                    Plaintiff,

     VS.

INDIAN BEACH ASSOCIATES, INC.
and INDIAN RIVER TITLE
CORPORATION, et al.

                    Defendants.
_____

MOTION IN OPPOSITION TO AMENDED COUNTER CROSS-CLAIM BY INDIAN
BEACH ASSOCIATES INC. AND FIFTH PARTY CLAIM BY ABE ROSENTHAL,
JOSEPH BORDONARO, PAUL COHEN AND MORRIS ZAKHEIM AND
TO VACATE JUDGMENT OF MAY 2, 1994 ORDERED BY THIS COURT IN FAVOR
OF CAROL BURNETT AS EVIDENCED

     I, Vytautas Vebeliunas, a pro-se Defendant in these

proceedings, herein declare the following:

     1.   I am a Defendant in these proceedings and have full

standing to appear herein.

     2.   I am President of Litas Investing Co., Inc. ("LITAS")

and I am fully familiar with the transactions concerning the

property in this lawsuit.

     3.   I was President of Vanda Rest. Corp. ("VANDA") at the

1

*Ex H 1*

time VANDA acquired the purchase money mortgage from LITAS.   I
also was President of VANDA at the time VANDA sold said mortgage
to Indian Beach, and I have full knowledge of the transactions.
I am submitting this information in my defense as an individual
and, in my defense as a responsible individual as officer of the
corporations.

4.    I am now serving a three-year sentence in Allenwood,
Pennsylvania Federal Prison Camp and can only appear in these
proceedings via my motions and answers in writing.

### PLAINTIFF'S MOTIONS ARE FALSE
### AND WITHOUT ANY EVIDENCE

5.    Plaintiff's amended claim only relies on their
attorney's statements without any affidavits from the parties of
the transactions that took place over seven years from the
contract of sale.   Attorney Spira has no personal knowledge of
the transactions and fails to come forward with any affidavits
from his clients.   The documents attached to his cross-claim fail
to show even a scintilla of evidence of any basis for claim.   My
motion should give basis for dismissal of these amended claims.

6.    Plaintiff attempts to color that LITAS and VANDA are
somehow the same organization.   I have previously filed an
affidavit showing that LITAS is a publicly owned corporation
registered with U.S. Securities & Exchange Commission, and it is
controlled by duly elected Board of Directors, while VANDA is a
privately held corporation.   I and my family hold only 3% of
LITAS outstanding shares. These companies have completely

2

different owners and interests.  In this motion I will address first the issues brought against me and LITAS and later against VANDA.

### HISTORY OF LITAS PARTICIPATION IN THE TRANSACTIONS

7.   At the time of acquisition of the land, LITAS, a New York corporation, had an individual interest of 42% and the other 48% was held by a group of individuals represented by Attorney Albert Pincus, known among the owners as "Pincus Group".  Carol Burnett, one of the Pincus Group, held an undivided interest of 18%.  During the subsequent ten years Carol Burnett and her husband John Reventas were borrowing monies from LITAS and assigned their 18% equity in the land as security for the loan. The total amount of $126,894.72 was loaned to Carol Burnett and her husband, John Reventas, which was never repaid.  LITAS agreed to take their interest as satisfaction for such loan.

8.   On or about 1990, Attorney Pincus approached LITAS submitting an offer to sell the property for $500,000.  He was a resident of Vero Beach and insisted that was better than the market value.  On behalf of LITAS I did not accept the offer and to pacify him, I offered to buy-out his group's interest at the same proportionate price $500,000.  My offer to buy them out at his recommended price was refused.  Mr. Pincus insisted on selling the land and asked me what a minimum price I would agree to.  I answered that we must get at least $1,000,000 for the land.

9.    On or about August 1990 Attorney Pincus told me that  his clients agreed to the $1,000,000 price.   He prepared a contract for sale  which was not acceptable to LITAS and LITAS attorneys prepared a revised contract which was signed by Joseph Bordonaro as Vice President of Indian Beach Associates, Inc.  The contract provided for a down payment of $200,000 and for a purchase money mortgage of $800,000.  At that time LITAS was holding 60% of the property and was expecting to receive $120,000 cash at closing.  On November 7, 1990 LITAS used this contract to collateralize the principal of $100,000 loan to Peter Dankin, who was then LITAS' attorney, but not an attorney for the Vero Beach transaction.

10.    Before closing Attorney Pincus approached me declaring that the title search shows deeds aggregating to 110% of the property.  He stated that Carol Burnett sold her participation twice--once to LITAS and then again to Jerome Hurwitz.  He proposed to save the deal that LITAS would decrease its participation from 60% to 50% to compensate for Burnett's defalcation.  Pincus promised to sue Burnett and recover the loss.

11.    On behalf of LITAS I did not agree with this proposal and after examining the purported deed, I discovered that Pincus, through his Indian River Title, did record the deed.  When I confronted him, "What is going on?" Pincus pleaded that the sale should go through for everybody's benefit.  Finally, on behalf of LITAS I agreed to decrease LITAS' participation from 60% to

4

58.24% and Pincus promised to settle with all other owners and lienors and provide title insurance.

12.   In August 1991 I was informed by Pincus to appear for closing at his Title Company office in Vero Beach.  I appeared there expecting to receive a downpayment of $116,000 (58.24% of $200,000) and a mortgage of about $466,000.

At his office he advised me that there were other liens to be satisfied and now, talking on behalf of the buyer, he does not have the cash downpayment for LITAS.  To quash my disappointment he offered a note from the buyer to be paid out within a year.

Realizing that Albert Pincus is representing the buyer rather than me, and further learning that Pincus' partner, James Meade made a contract to build on the land, it became clear to me that the sale was orchestrated only to buy out LITAS.  I decided to end these surprises and, on behalf of LITAS, I agreed to close without getting cash as downpayment only notes.

13.   I advised Peter Dankin that LITAS was compelled to accept the note for the downpayment.  After negotiations, he agreed to take the proceeds of the note when it came in.  So far Pincus is still owing $17,000 on that note.  Peter Dankin was repaid about $93,000 of the note.

FRAUD COMMITTED BY PINCUS OR HIS TITLE COMPANY IN CONSPIRACY WITH BURNETT AND REVENTAS

14.   At the closing Attorney Pincus showed me a prepared release agreement to be signed by Carol Burnett which I was told releases the property from any claim.  Mr. Pincus, as an agent of title insurance company, promised to obtain the signature of

5

Carol Burnett.  He also asked me to execute an identical release for LITAS which I did.

15.    After closing, the purchase money note and mortgage was assigned to Vanda Rest. Corp. (VANDA).  This instrument was tendered in payment of interest due VANDA on a large $7.5 million dollar mortgage VANDA held on LITAS' properties in New York.

16.    In early 1993 Indian Beach defaulted on the balance of the short term note and on the purchase money note and mortgage.  Mr. Pincus advised me that he had arranged new participants in Indian Beach who are willing to buy VANDA's mortgage and Mr. Pincus continued to represent Indian Beach Associates.

### BURNETT JUDGMENT OBTAINED BY FRAUD

17.    Only now after receiving copies of original documents I discovered grand fraud committed by Attorney Pincus, his Indian River Title Company and Carol Burnett.  The two releases shown on August 20, 1991 to me between LITAS and Burnett released the land from any claims from Burnett, but it did not contain a paragraph following the description retaining some rights under the loan agreement.  Only on September 23, 1997 my office discovered in an examination of files of Mrs. Gudaitis, a prior employee of LITAS, copies of the original release which excluded any possible claim between the parties. (Please see Exhibit A, Affidavit of Monica Setikas).  That paragraph was evidently typed by either Burnett or Indian River Title at the direction of Attorney Pincus and his longtime friend, John Reventas.  The different typesetting

6

collaborates that.   Please see exhibits as attached to affidavit
of Monica Setikas.

18.   Because Reventas and Burnett were indebted $126,894.72
to LITAS, in order to "perfect" their claim they introduced a
document which purported my acknowledgement of satisfying their
loans. (Attached as Exhibit B)  This document portraying a letter
from me to John & Carol Reventas forgiving them all loans and
recognizing 8% interest in the land.  This letter is a forgery.
I herewith request Burnett or her assignors to produce the
original letter so its falsity can be proven.  They were indebted
to LITAS and to inflict insult to injury they sold their deed
again to a third party.  The changed mutual release and the
forged letter is an outright fraud.

19.   LITAS was never served this fraudulent claim and later
after learning through this lawsuit about Burnett's judgment and
knowing that LITAS had a full release from Burnett, did not
appear to protest the judgment.

## VANDA REST. CORP. IS A HOLDER OF NEW NOTE AND MORTGAGE

20.   After negotiations with Mr. Pincus over telephone and
the new investors Messrs. Morris Zakheim and Abe Rosenthal in
person, VANDA agreed to sell its mortgage.

21.   VANDA, experiencing great difficulties with Indian
Beach as mortgagor in the May 1993 transaction, included the
following covenants in the event of default:

a)      in any default the discount of $178,163 will be recaptured

7

and added to the principal and

b)   in the event of any default on the first mortgage to Citrus Bank, the entire indebtedness will become a mortgage on the original 20 acres.

Both defaults occurred, were properly noticed and foreclosure claim in this court was filed.

22.   The transaction was completed in my office and the downpayment and executed documents were escrowed with Attorney Victoria Brown awaiting the balance of the payments.  Upon receipt of the balance, VANDA received the new mortgage and I properly recorded same in the County.  It is an absurd question if I or VANDA recorded the assignment to Indian Beach.  We only have a copy and the original was up to Indian Beach officers or their attorney Mr. Pincus to record.

23.   For sometime Indian Beach kept its obligations current but later on, they defaulted on payments as well as other covenants by not paying real estate taxes and the first mortgage on the contiguous land.  The defaults were properly noticed.

24.   There does not appear to be any mystery in VANDA's claim.   I trust that Florida is also subject to the Statute of Frauds whereby the written real estate instruments are taken at their face value.


SUMMARY

The foregoing new evidence together with other documents submitted in these proceedings, this honorable Court is presented

8

with the following chronological events:

a.   The joint tenants of the property consist of five, and
     later six Florida residents, for identification purposes
     referred to as the Pincus Group, and Litas Investing Co.,
     Inc., a New York Corporation.

b.   There is a definite appearance that the Pincus Group is
     attempting to buy out LITAS for a price valued of the total
     land of $500,000.

c.   When LITAS takes a first refusal to buy the land from by the
     Pincus Group, the Pincus Group backs out from this offer.

d.   Albert Pincus, as owner of Indian River Title and
     participant in the land is representing the buyer, Indian
     River Associates, Inc.

e.   Carol Burnett sells her shares of her land twice, the second
     sale is to Pincus' client, Mr. Hurwitz and both deeds are
     recorded by Albert Pincus or his title company.

f.   When before the sale, the combined deeds represent 110% of
     the ownership, Albert Pincus takes upon himself to clear the
     title by decreasing Litas shares from 60% to 58.24% to which
     Litas agrees.  He prepares the releases between Carol
     Burnett and her husband, John Reventas, party of the first
     part and LITAS releasing each other from all liabilities.
     Burnett, or her agent, then inserted a two-line paragraph
     leaving a window for her to claim against LITAS (different
     typewriters).  Pincus then inserts the same paragraph in the
     LITAS already executed release.

9

g.   After the sale, Burnett filed a fraudulent lawsuit
     presenting these doctored documents and reinforced her claim
     by forged documents purported to acknowledge that LITAS
     received a satisfaction for all monies owed by them.

h.   Pincus, as a title company, assured LITAS that the title is
     clear of all liabilities and issued a title policy to the
     purchasers without satisfying Maria Medved's mortgage which
     was on record.

i.   James Meade, d/b/a Meade Construction, commenced to prepare
     the site for construction by laying in utilities,
     foundations and roads.

j.   When Indian Beach Associates went into several defaults on
     the mortgage, Pincus approached Vytautas Vebeliunas, the
     president of VANDA, the holder in due course of that
     mortgage and negotiated a discount of $172,000.  Indian
     Beach Associates again defaulted on the covenants on the new
     agreement and by virtue of that, the principal, discount and
     interest was liened against the property.

k.   Realizing that by recording the assignment agreement, Albert
     Pincus or his client, Indian Beach Associates will merge the
     mortgage into the title, they failed to record such
     assignment claiming that they never received it despite the
     contrary evidence by an attorney escrow agent.

     The purpose of the Pincus Group was to exclude LITAS
from ownership of the land and the mortgage by the foregoing
deceitful and fraudulent methods.

10

## CONCLUSION

I pray this Court to clear my name of any wrong allegations and award the judgment to the true owners of the instruments of indebtedness as follows:

i.    Recognize Vanda Rest. Corp. as the first mortgagee on the real property.

ii.   Prove that attorney, Albert Pincus' mortgage and his associates', James Meade, Jeremy Hurwitz and Frank Ioppolo, alleged mortgage claim merged into the title of the property as their being part of the purchasing party.

iii.  Rule that any obligation, including Maria Medved mortgage, or its assigns, due to the responsibility of Indian River Title Co. and Chicago Title Insurance Company and Albert Pincus, all of whom knowingly insured and represented that LITAS is the first mortgagee.

iv.   Direct the Attorney General of this jurisdiction to prosecute for criminal liability the conspirators, Attorney Albert Pincus, Carol Burnett, John Reventas and their attorney, Fred Kramer who among themselves conspired to:

      1.    doctor and change the purported releases which were changed after my signature was obtained.

      2.    forged, doctored and created fraudulent documents purporting my acknowledgment that the indebtedness to LITAS from Carol Burnett and John Reventas was satisfied.

      3.    record and conspire to record these forged and

11

                            fraudulent documents in the Indian River County records.

        4.    Submit and conspire to submit these fraudulent documents to this Court in order to obtain a judgment against LITAS by fraud.

v.    Vacate the final judgment by Carol Burnett against LITAS entered in this Court on May 2, 1994 because this judgment was based on forged, doctored and fraudulent documents.

        I pray this Court for the foregoing ruling and other relief that this Court will find just and proper.

                                      Vytautas Vebeliunas

Dated:  September 30, 1997
        Montgomery, PA

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, STATE OF FLORIDA


```
--------------------------------X
```

PETER DANKIN,                           Case No. 94-0457 CA 09
                                        consolidated with
            Plaintiff,                  Case No. 94-0198 CA 03

      -vs-

INDIAN BEACH ASSOCIATES, INC.
and INDIAN RIVER TITLE
CORP., et al.

            Defendants.

```
--------------------------------X
```


### AFFIDAVIT OF MONICA SETIKAS


        I, Monica Setikas, under penalties of perjury, declare
the following:

        1.  I have been employed by Mr. Vytautas Vebeliunas since
January, 1992.

        2.  At the time that I started working for him, also
employed here, among other personnel, was Mrs. Rimas Gudaitis who
kept certain records for Mr. Vebeliunas.

        3.  Because Mr. Vebeliunas is currently at Allenwood
Federal Prison Camp, he asked me to examine the files which were
left by Mrs. Gudaitis upon her retirement.

*Exh. A*

4.  In these files I found the following documents which are attached exhibits as noted:

Exhibit 1.     Original release as signed by Mr. Vytautas Vebeliunas and witnessed by Larabell only with no release paragraph contained therein.

Exhibit 2.     Fax transmittal to Darlene Larabell instructing her to forward her letter and her release of agreement notarized by Theresa Reeder to Albert Pincus to go forward with the closing to be held the same day of August 20, 1991

Exhibit 3.     The release of agreement of August 20, 1991 as filed by Indian River Title revealing marked inconsistencies of this document as originally signed by Mr. Vebeliunas

Exhibit 4.     The release of agreement of August 20, 1991 as filed by Indian River Title showing marked inconsistencies of this document as originally signed by Carol Burnett.

Respectfully submitted,

Monica Setikas

Dated:   September 26, 1997
         Richmond Hill, New York

Release of Lien

# Release of Lien AGREEMENT

**State of Florida,**
**County of** INDIAN RIVER           } ss

For and in consideration of the sum of ___TEN AND 00/100ths ------($10.00)---Dollars

to__me___in hand this day paid, the receipt of which is hereby acknowledged,___I_____

hereby release the property hereinafter described from a certain lien *agreement* filed by_____me in the

office of the__Circuit_____Court of__Indian River__County, Florida, on the__2nd____

day of___March_____, A. D. 19_82_ for the sum of__EIGHT THOUSAND SIX HUNDRED

TWO AND 20/100ths---------------------($8,602.20)---------------------Dollars

due_____for { labor and / services and / materials } on said property; and__I_____hereby declare said lien *agreement* fully

satisfied. Said property is described as follows:

The East twenty (20) acres of Tract Ten (10) in Section One (1), Township
Thirty-Three (33) South of Range Thirty-Eight (38) East, as shown on the
Plat of Indian River Farms Company, on file in the Office of the Clerk of
the Circuit Court in and for St. Lucie County, Florida, in Plat Book 2, Page
25; said land lying and being in Indian River County, Florida.

Reserving unto both parties any legal rights they may have with respect to
said agreement, but not affecting title to this property.

WITNESS my hand and seal this__20th____day of__August_____, A. D. 19_91_.

Signed, sealed and delivered in the presence of:

_Darbe A. Laralell_
witness                                LITAS INVESTING CO., INC.    (SEAL)

_____                   _____ (SEAL)
witness

STATE OF FLORIDA
County of__Indian River____      } ss

On this__20th_____ day of__August_____, 19_91_ personally

appeared before me_____and acknowledged that_____

executed the foregoing release of Lien *Agreement* for the purposes therein expressed.

WITNESS my hand and seal the day and year last above written.

_Darbe A. Laralell_(SEAL)
Notary Public

My commission expires_____
Notary Public, State of Florida
My Commission Expires Oct. 23, 1993
Bonded Thru Troy Fain Insurance Inc.

(SEAL)

*This Instrument prepared by:*
*Address*

Ex H 1

**WILLIAM D. KRAMER, P.A.**
ATTORNEY AT LAW
TELEPHONE (813) 394-1415

REPLY TO:
POST PLAZA CENTER
567 ELKCAM CIRCLE
MARCO ISLAND, FLORIDA 33937
FAX (813) 394-1617

BY APPOINTMENT:
NAPLES CONFERENCE OFFICE
COURT PLAZA, SUITE A-101
2641 AIRPORT ROAD SOUTH
NAPLES, FLORIDA 33962

## FAX COVER SHEET

DATE: Aug. 20, 1991

TO: Darlene Larabell

FAX NO.: (407) 231-3024

RE: Release of Agreement

FROM: ~~WILLIAM D. KRAMER, P.A.~~

BY: Carol Preventas

FAX NO.: (813) 394-1617

NO. OF PAGES SENT (including this page): 3

MESSAGE:

Please see that Al Perices gets a copy of enclosed letter.

Thank you.

IF YOU DO NOT RECEIVE ALL PAGES AS INDICATED ABOVE, PLEASE
NOTIFY SENDER IMMEDIATELY.

This message is intended only for the use of the individual or
entity to which it is addressed, and may contain information
that is privileged, confidential and exempt from disclosure
under applicable law. If the reader of this message is not the
intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, you are
hereby notified that any dissemination, distribution or copying
of this communication is strictly prohibited. If you have
received this communication in error, please notify us
immediately by telephone and return the original message to us
at the above address via the U.S. Postal Service. Thank You.

August 20, 1991


Mr. Albert R. Pincus
c/o Indian River Title Corp.

FAX LETTER

Al:

RE:   Vero Beach Property

I am faxing you the signed agreement releasing my interest
in the Vero Beach property in order that you may have your
closing today.

In the event that this closing does not take place then this
agreement is to be torn up and is null and void.

This is in accordance with our verbal conversation and I
will leave it in your hands to see that this is done.

I hope the closing is successful and everything goes smoothly.

Best regards,

Carol Reventas
Carol Reventas

04/20/91    10:01    INDIAN RIVER TITLE CORP.    002

RELEASE OF LIEN    RAMCO FORM 106

# Release of Lien AGREEMENT

**State of Florida,**
**County of** INDIAN RIVER    } ss

For and in consideration of the sum of ___TEN AND 00/100ths ----($10.00)----___ Dollars

to __me__ in hand this day paid, the receipt of which is hereby acknowledged,___ I ___
agreement
hereby release the property hereinafter described from a certain lien filed by_____ me in the

office of the __Circuit_____ Court of __Indian River__ County, Florida, on the __2nd__

day of___March_____, A. D. 19__82__ for the sum of___EIGHT THOUSAND SIX HUNDRED

TWO AND 20/100ths ------------------------($8,602.20)------------------Dollars
agreement
due_____for { labor and services and materials } on said property; and__ I ___ hereby declare said work fully

satisfied. Said property is described as follows:

The East twenty (20) acres of Tract Ten (10) in Section One (1), Township
Thirty-Three (33) South of Range Thirty-Eight (38) East, as shown on the
Plat of Indian River Farms Company, on file in the Office of the Clerk of
the Circuit Court in and for St. Lucie County, Florida, in Plat Book 2, Page
25; said land lying and being in Indian River County, Florida.

Reserving unto both parties any legal rights they may have with respect to
said agreement, but not affecting title to this property.

WITNESS my hand and seal this __20th__ day of__August_____ A. D. 19__91__

Signed, sealed and delivered in the presence of:

_____    _Carol Burnett_____(SEAL)
witness                          CAROL BURNETT aka Carol Reventas

_____    _____(SEAL)
witness

**STATE OF FLORIDA**
County of__Indian River_____ } ss

On this___20th_____ day of__August_____, 19 __91__ personally
aka
appeared before me___Carol Burnett /CAROL REVENTAS___ and acknowledged that _she_
Agreement
executed the foregoing release of lien for the purposes therein expressed.

WITNESS my hand and seal the day and year last above written.

_Theresa a Beeder_____(SEAL)

Notary Public

My commission expires_____

NOTARY PUBLIC, STATE OF FLORIDA AT LARGE
MY COMMISSION EXPIRES OCT. 1, 1991
BONDED THROUGH ASHTON AGENCY, INC

Release of ~~Lien~~ Agreement                                    IR-8677

# Release of ~~Lien~~ AGREEMENT

State of Florida,                            RECORD VERIFIED
County of INDIAN RIVER                       JEFFREY K. BARTON
                                             CLERK CIRCUIT COURT
                                             INDIAN RIVER CO., FLA

For and in consideration of the sum of ___TEN AND 00/100ths ___ ($10.00)___ Dollars
to me in hand this day paid, the receipt of which is hereby acknowledged, I
hereby release the property hereinafter described from a certain ~~lien~~ agreement filed by ___ me in the
office of the ___Circuit___ Court of ___Indian River___ County, Florida, on the ___2nd___
day of ___March___ A. D. 19_82_ for the sum of ___EIGHT THOUSAND SIX HUNDRED___
TWO AND 20/100ths ___ ($8,602.20) ___ Dollars
due ___ for { labor and services and materials } on said property; and ___I___ hereby declare said ~~lien~~ agreement fully
satisfied. Said property is described as follows:

The East twenty (20) acres of Tract Ten (10) in Section One (1), Township
Thirty-Three (33) South of Range Thirty-Eight (38) East, as shown on the
Plat of Indian River Farms Company, on file in the Office of the Clerk of
the Circuit Court in and for St. Lucie County, Florida, in Plat Book 2, Page
25; said land lying and being in Indian River County, Florida.

Reserving unto both parties any legal rights they may have with respect to
said agreement, but not affecting title to this property.

Releasing that certain Agreement Between Litas Investing Co., Inc. and
Carol Burnett recorded in Official Records Book 0640, Page 1571, Public Records
of Indian River County, Florida.

WITNESS my hand and seal this ___20th___ day of ___August___ A. D. 19_91_
Signed, sealed and delivered in the presence of:

Witness - Darlene K. Larakell         LITAS INVESTING CO., INC. ___(SEAL)

Witness - Pamela S. Cassidy           Vytautas Vebeliunas - President ___(SEAL)

RETURN TO:
Indian River Title Corp.
505 Beachland Blvd, Suite 6
Vero Beach, FL 32960

STATE OF FLORIDA
County of ___Indian River___

On this ___20th___ day of ___August___ 19_91_ personally
appeared before me ___Vytautas Vebeliunas, President___ and acknowledged that he
executed the foregoing release of ~~lien~~ Agreement for the purposes therein expressed.

WITNESS my hand and seal the day and year last above written.

___(SEAL)
Name: Darlene K. Larakell
Notary Public

(SEAL)                                My commission expires ___
                                      Notary Public, State of Florida
                                      My Commission Expires Jan. 13, 1993

This Instrument prepared by Darlene K. Larakell, President
Indian River Title Corporation
505 Beachland Blvd Suite 6
Vero Beach, FL 32963

PLAINTIFF'S
EXHIBIT

INDIAN RIVER TITLE CORPORATION
505 BEACHLAND BLVD.   SUITE 6
VERO BEACH, FLORIDA  32963

This Instrument Prepared by:

INDIAN RIVER TITLE CORPORATION
505 BEACHLAND BLVD.   SUITE 6
VERO BEACH, FLORIDA  32963

Property Appraisers Parcel Identification (Folio) Number(s):

RECORD VERIFIED
JEFFREY K. BARTON
CLERK CIRCUIT COURT
INDIAN RIVER CO. FLA

703909

RETURN TO: Indian River Title Corp. 505 Beachland Blvd. Suite 6 Vero Beach, Fl. 32930

91 AUG 22 PH 2: 07

# Release of Lien AGREEMENT

## State of Florida,
## County of COLLIER

For and in consideration of the sum of  TEN AND 00/100ths ———($10.00)——— Dollars

to MY  in hand this day paid, the receipt of which is hereby acknowledged I agreement

hereby release the property hereinafter described from a certain lien filed by _____ me in the

office of the  Circuit  Court of Indian River  County, Florida, on the 2nd

day of  March  A. D. 19 82  for the sum of  EIGHT THOUSAND SIX HUNDRED

TWO AND 20/100ths ——————————($8,602.20)——————— Dollars

due _____ for | labor and services and materials | on said property; and I  hereby declare said lien fully

satisfied. Said property is described as follows:

The East twenty (2) acres of Tract Ten (10) in Section One (1), Township Thirty-Three (33) South of Range Thirty-eight (38) East, as shown on the Plat of Indian River Farms Company, on file in the Office of the Clerk of the Circuit Court in and for St. Lucie County, Florida, in Plat Book 2, Pages 25; said land lying and being in Indian River County, Florida.

Reserving unto both parties any legal rights they may have with respect to said agreement, but not affecting title to this property.

Releasing that certain Agreement Between Lixas Investing Co., Inc. and Carol Burnett recorded in Official Records Book 0640, Page 1371, Public Records of Indian River County, Florida.

WITNESS my hand and seal this  20th  day of  August  A. D. 19 91.

Signed, sealed and delivered in the presence of:

_____ Signed - Jonny T. Contreras

_____ Witness - Theresa A. Reeder

Carol Burnett (SEAL)
CAROL BURNETT, a/k/a CAROL REVENTAS
_____ (SEAL)

ON&O9O7P&O753

## STATE OF FLORIDA
## County of  COLLIER

On this  20th  day of  August  1991  personally

appeared before me  Carol Burnett a/k/a Carol Reventas and acknowledged that  she
Agreement
executed the foregoing release of lien for the purposes therein expressed.

WITNESS my hand and seal the day and year last above written.

This Instrument prepared by:
Darlene L. Lorabell, President
Indian River Title Corporation
505 Beachland Blvd Suite 6
Vero Beach, Fl 32963
(SEAL)    Indian River Title Insurance

Theresa A. Reeder (SEAL)
Name: Theresa A. Reeder
Notary Public

NOTARY PUBLIC, STATE OF FLORIDA AT LARGE
MY COMMISSION EXPIRES OCT 1, 1991

PLAINTIFF'S
EXHIBIT

MARCH 28, 1991

John and Carol Raventas
P.O. Box 1784
Marco Island, FL 33969

Dear John and Carol:

This is to confirm our agreement today, outlined as follows:

I, Vytautas Vebeliunas, both personally and as an authorized representative and/or officer of the following companies:

Litas Investing Co.,Inc., Vanda's Rest Corp., Panagra Properties Inc. and/or other assigns,

Hereby release any collateral held by any of the above entities and release any debts outstanding by John Raventas or Carol Burnett Raventas.

At the same time you agree that there are no monies due you from me personally or the above named companies, except the following: Carol Burnett Raventas still retains an 8% interest in the 20 acres located in Vero Beach, Fl.

Agreed to by all:

for the companies and
personally

_Ex B_

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC., a            Case Number: 97-0436 CA-09
florida corporation,

           Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION, a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.

_____Defendants._____/

## DEFAULT

    A Default is hereby entered against the Defendant, **MORRIS ZAKHEIM**, for his failure

to file an answer or any responsive pleading in the above styled cause.

    DATED this ⟨th⟩day of ~~October~~ November, 1997.

                               J.K. BARTON
                               Clerk of the Court

                           By:_____
                               Deputy Clerk

*Exh 2*

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC., a
florida corporation,

Case Number: 97-0436 CA-09

      Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION, a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.

_____ Defendants. _____/

## DEFAULT

    A Default is hereby entered against the Defendant, **MRMC CONSTRUCTION, INC.,**

**a Florida corporation,** for his failure to file an answer or any responsive pleading in the above

styled cause.

    DATED this 6th day of October, 1997.

Clerk of the Court

By: ___Linda Buckford___
       Deputy Clerk

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC., a
florida corporation,

        Case Number: 97-0436 CA-09

        Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION, a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.

_____ Defendants. _____ /

## DEFAULT

    A Default is hereby entered against the Defendant, **JOSEPH BORDONARO**, for his

failure to file an answer or any responsive pleading in the above styled cause.

    DATED this 18th day of ~~October~~ November, 1997.

               J.K. BR
               Clerk of the Court

        By: Linda Birkland
               Deputy Clerk

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC., a
florida corporation,

          Case Number: 97-0436 CA-09

        Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION, a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.

_____Defendants._____/

## DEFAULT

    A Default is hereby entered against the Defendant, **RINKER MATERIALS**

**CORPORATION, a Florida corporation**, for his failure to file an answer or any responsive

pleading in the above styled cause.

    DATED this 24th day of October, 1997.

                        J.K. BARTON
                        Clerk of the Court

                    By: Linda Bickford
                    Deputy Clerk

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC., a
florida corporation,

        Case Number: 97-0436 CA-09

        ·Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION, a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.

    _____  Defendants.    _____/

## DEFAULT

A Default is hereby entered against the Defendant, **MICHAEL SOLOMON**, for his

failure to file an answer or any responsive pleading in the above styled cause.

DATED this 18th day of ~~October~~ November, 1997.

        **J.K.** BARTON
        Clerk of the Court

        By: Linda Buckland
        Deputy Clerk

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC., a                    Case Number: 97-0436 CA-09
florida corporation,

      Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION, a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.

_____ Defendants. _____/

## DEFAULT

    A Default is hereby entered against the Defendant, **GATOR LUMBER COMPANY,**

**a Florida corporation**, for his failure to file an answer or any responsive pleading in the above

styled cause.

    DATED this ___ day of October, 1997.

                              Clerk of the Court

                    By: _____
                           Deputy Clerk

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC., a
florida corporation,

        Case Number: 97-0436 CA-09

       Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION, a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.

_____Defendants._____/

## DEFAULT

    A Default is hereby entered against the Defendant, **CODE ENFORCEMENT BOARD**

**OF INDIAN RIVER COUNTY, FLORIDA**, for his failure to file an answer or any responsive

pleading in the above styled cause.

    DATED this 9th day of October, 1997.

                Clerk of the Court

                By: Linda Bickford
                    Deputy Clerk

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC., a
florida corporation,

        Case Number: 97-0436 CA-09

        Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION, a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.

        Defendants.      /

## DEFAULT

A Default is hereby entered against the Defendant, **LITAS INVESTMENTS, INC.,** a

**New York dissolved corporation,** for his failure to file an answer or any responsive pleading

in the above styled cause.

DATED this 8th day of November, 1997.

        J.K. BARTON

        Clerk of the Court

        By: Linda Richmond

        Deputy Clerk

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CROWN REAL ESTATE, INC., a                    Case Number: 97-0436 CA-09
florida corporation,

               Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC., a Florida
corporation; MORRIS ZAKHEIM; PAUL COHEN;
ABE ROSENTHAL; JOSEPH BORDONARO; MICHAEL
SOLOMON; ALBERT R. PINCUS; MARIA MEDVED;
PETER A. DANKIN; LITAS INVESTING CO.,
INC., a New York Dissolved Corporation;
DEN NORSKE BANK A/S; PAUL ROTH AND
MONTY BEBER, TRUSTEES; RINKER
MATERIALS CORPORATION, a Florida
corporation; MRMC CONSTRUCTION, Inc.
a Florida corporation; CODE ENFORCEMENT
BOARD OF INDIAN RIVER COUNTY, FLORIDA;
GATOR LUMBER COMPANY, a Florida
corporation.

_____   Defendants.   _____/

## DEFAULT

    A Default is hereby entered against the Defendant, **ABE ROSENTHAL**, for his failure

to file an answer or any responsive pleading in the above styled cause.

    DATED this 18th day of November, 1997.

                                 **J.K.** BARTON
                                 Clerk of the Court

                                 By: Linda Bickford
                                   Deputy Clerk

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR INDIAN
RIVER COUNTY, STATE OF FLORIDA

CASE NO. 94-0198-CA-03

PETER DANKIN,

       Plaintiff,

vs.

INDIAN BEACH ASSOCIATES, INC. and
INDIAN RIVER TITLE CORP., et al,

       Defendants.

_____/

## MOTION TO DISQUALIFY VICTORIA BROWN, ESQUIRE, AS COUNSEL FOR VANDA REST. CORP.

**COMES NOW** Defendant, INDIAN BEACH ASSOCIATES, INC. (hereinafter

"INDIAN BEACH"), by and through its undersigned attorney, and hereby files its Motion

to Disqualify Victoria Brown, Esquire, as Counsel for Vanda Rest. Corp and as grounds

therefore states as follows:

    1.    Victoria Brown is a material witness to facts at issue in this matter and will

be required to testify as to those matters, to wit:

    a.    In VANDA REST CORP's Re-Stated Answers to Interrogatories Dated May

21, 1997, and August 5, 1997, served on INDIAN BEACH on or about October 23, 1997,

VANDA REST. CORP responds to Interrogatory 3(a) which states "*[i]f the Assignment

of Mortgage was transmitted to INDIAN BEACH ASSOCIATES, please state the

following: (a) Date of Transmittal,*" as follows:

> May 31, 1993 to escrow agent, Victoria M. Brown as Escrow Agreement
> and Letter of Direction.

*Exh. E*

b.     In VANDA REST CORP's Re-Stated Answers to Interrogatories Dated May

21, 1997, and August 5, 1997, served on INDIAN BEACH on or about October 23, 1997,

VANDA REST. CORP responds to Interrogatory 3(b) which states "*[i]f the Assignment*

*of Mortgage was transmitted to INDIAN BEACH ASSOCIATES, please state the*

*following: (b) Evidence of any document evidencing transmittal*" as follows:

> Document was transmitted as per Letter of Direction to Escrow Agent,
> Victoria Brown.

c.     In VANDA REST CORP's Re-Stated Answers to Interrogatories Dated May

21, 1997, and August 5, 1997, served on INDIAN BEACH on or about October 23, 1997,

VANDA REST. CORP responds to Interrogatory 3(c) which states "*[i]f the Assignment*

*of Mortgage was transmitted to INDIAN BEACH ASSOCIATES, please state the*

*following: (c) Individual who transmitted the Assignment of Mortgage,*" as follows:

> Victoria M. Brown then transmitted the Assignment of Mortgage by regular
> mail to Morris Zakheim, 39 Broadway, Suite 2800, New York, NY and
> confirmed this transaction by telephone with Vytautas Vebeliunas on or
> about June 5, 1993.

d.     In VANDA REST CORP's Answer to Interrogatories dated August 5, 1997,

VANDA REST CORP. responds to Interrogatory #3 which states "*[f]or any and all*

*discussions relating to the discount of $178,163.00 referenced in Interrogatory #2*

*above, state the location where said discussions took place, the date and the individuals*

*present,*" as follows:

> Discussions took place at 86-01 114th Street, Richmond Hill, New York;
> Dates of around and including the date of signing, May 31, 1993; Present
> were Vytautas Vebeliunas, Morris Zakheim, Abe Rosenthal, Albert Pincus
> (via telephone), Victoria Brown.

**WHEREFORE** Defendant, INDIAN BEACH ASSOCIATES, INC., respectfully requests this Court enter its Order disqualifying Victoria Brown, Esquire, as attorney for Defendant, VANDA REST. CORP, in this action.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via facsimile to Victoria M. Brown, Esquire, and via U.S. mail to those on the attached service list this ___7th___ day of November, 1997.

SPIRA, BEADLE & McGARRELL, P.A.

By: _____

JACK B. SPIRA
5205 Babcock Street NE
Palm Bay, Florida  32905
407/725-5000
Florida Bar #167140
Attorney for Plaintiff

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
--------------------------------------------------X
          Case No. 97-0436-CA-09

CROWN REAL ESTATE, INC., A Florida
     corporation,
                         Plaintiff,


     -vs-


MORRIS ZAKHEIM, PAUL COHEN, ABE ROSENTHAL,
JOSEPH BORDONARO, MICHAEL SOLOMON, ALBERT
R. PINCUS, MARIA MEDVED, PETER A. DANKIN,
LITAS INVESTING CO., INC., a New York
corporation, DEN NORSKE BANK A/S,
PAUL ROTH and MONTY BEEBER, TRUSTEES, RINKER
MATERIALS CORPORATION, a Florida corporation,
MRMC CONSTRUCTION, INC., a Florida corporation,
CODE ENFORCEMENT BOARD OF INDIAN RIVER COUNTY,
FLORIDA, GATOR LUMBER COMPANY, a Florida
corporation, ELLIOTT BERNEY, and VANDA REST.
CORP., a New York corporation,
                         Defendants.
--------------------------------------------------X
                    AND
--------------------------------------------------X
          Case No. 94-0198-CA-03

PETER DANKIN,
                         Plaintiff,


     -vs-


INDIAN BEACH ASSOCIATES, INC, and INDIAN RIVER
TITLE CORP., et al.,

                    Defendants.
--------------------------------------------------X
```

PLEASE NOTE THAT MR. CARO'S AFFADAVIT AS EXHIBIT F WILL
BE FORTHCOMING.  HE HAS AGREED TO SUBMIT SUCH AFFIDAVIT
BUT IS OUT OF TOWN ON ANOTHER COURT CASE AND WILL BE
MAILING SUCH AFFIDAVIT UPON HIS RETURN.  THE URGENCY OF
THIS CASE IS SUCH THAT I DID NOT WISH TO STOP THE FILING IN
THE UNITED STATES DISTRICT COURT

Aras Vebeliunas

Exh F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------X
           Case No. 97-0436-CA-09

CROWN REAL ESTATE, INC., A Florida
      corporation,
                     Plaintiff,

      -vs-

MORRIS ZAKHEIM, PAUL COHEN, ABE ROSENTHAL,
JOSEPH BORDONARO, MICHAEL SOLOMON, ALBERT
R. PINCUS, MARIA MEDVED, PETER A. DANKIN,
LITAS INVESTING CO., INC., a New York
corporation, DEN NORSKE BANK A/S,
PAUL ROTH and MONTY BEEBER, TRUSTEES, RINKER
MATERIALS CORPORATION, a Florida corporation,
MRMC CONSTRUCTION, INC., a Florida corporation,
CODE ENFORCEMENT BOARD OF INDIAN RIVER COUNTY,
FLORIDA, GATOR LUMBER COMPANY, a Florida
corporation, ELLIOTT BERNEY, and VANDA REST.
CORP., a New York corporation,
                     Defendants.
------------------------------------------------X
                **AND**
------------------------------------------------X
           Case No. 94-0198-CA-03

PETER DANKIN,
                     Plaintiff,

      -vs-

INDIAN BEACH ASSOCIATES, INC, and INDIAN RIVER
TITLE CORP., et al.,

                     Defendants.
------------------------------------------------X

## NOTICE OF REMOVAL

                          ARAS VEBELIUNAS, Pro Se
                          304 BAYVILLE ROAD
                          LATTINGTOWN, NY  11560
                          (718) 441-2811

4-06-1995 7:57PM   FROM

**98-14180** P. 1

JS 44
(Rev. 12/96)

**CIVIL COVER SHEET** *DMM-PAINE* MAGISTRATE JUDGE
L Y N C H

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Crown Real Estate Inc.

**DEFENDANTS**

Morris Zakheim, et al

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Indian River
(EXCEPT IN U.S. PLAINTIFF CASES)

A: Fort Pierce 2:98CV14180 Paine / Lynch

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See Attachment

ATTORNEYS (IF KNOWN)

Aras Vebeliunas, Pro Se

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, (INDIAN RIVER), OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION**   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | ☐ 362 Personal Injury - Med Malpractice | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | A OR B |
| | ☐ 385 Property Damage Product Liability | | | |
| **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | **HABEAS CORPUS:** | | | |
| ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. P. 1332. Diversity of citizenship of defendants mandates federal jurisdiction

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

**VIII. RELATED CASE(S)** (See instructions):   JUDGE Charles E. Smith   DOCKET NUMBER 94-0198-CA-03
**IF ANY**

DATE   6-22-98

SIGNATURE OF ATTORNEY OF RECORD   Aras Vebeliunas, Pro Se

FOR OFFICE ONLY

694328 $150.00

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE 06/24/98

Civil Cover Sheet - Attachment

Attorneys for Plaintiff - Crown Real Estate Inc.

William C. Davell Esq.
May, Meacham & Davell P.A.
NationsBank Tower
One Financial Plaza, Suite 2600
Ft. Lauderdale, FL 33394
(954) 763-6006

Louis F. Henderson, Esq.
Henderson & Robinson, P.A.
180 Royal Palm Way, Suite 203
Palm Beach, FL 33480
(561) 659-6100